Allen *et al. v.* Frazee.

---

No. 9241.

## ALLEN ET AL. *v.* FRAZEE.

PROMISSORY NOTE. — *Consideration.—Fraud.—Answer.—Reply.—Estoppel.—* When fraud, in respect to the consideration, is pleaded to an action upon a note, it is not a good reply that when the plaintiff was about to purchase the note, the defendant, in answer to an inquiry, said " all right," it not appearing that the defendant then knew of the fraud.

PLEADING.—*Facts and Evidence.—*A pleading should state the issuable facts, and not merely evidentiary facts.

CONTRACT.—*Champerty.— Vendor and Vendee of Land Joining in Defence Against Foreclosure of Mortgage.—*A contract is not champertous, whereby the vendor and vendee of land agree to join in defending an action against them both for the foreclosure of a mortgage upon the land, and to share the benefits of the defence if successful.

*Quære,* whether or not in any case, a meritorious defence to an action can or ought to be defeated by a reply that it is made under a champertous agreement between the defendant and another.

· From the Rush Circuit Court.

*W. A. Cullen, B. L. Smith* and *C. Cambern,* for appellants.
*G. C. Clark, J. J. Spann* and *J. Q. Thomas,* for appellee.

WOODS, C. J.—The appellant Ephraim T. Allen made his promissory notes for the aggregate sum of $1,575 to Green Bros., and, to secure the payment of the same, executed a mortgage upon certain real estate, which he afterwards conveyed to his co-appellants Porter and Gartin ; Green Bros. endorsed the notes to the appellee, who brought this action against Allen and his grantees, praying judgment upon the notes, and a decree for foreclosure of the mortgage.

Allen answered by several pleas, whose sufficiency is not questioned, alleging fraud in respect to the consideration of the notes.    To these pleas the appellee filed a replication in seven paragraphs, to the fifth, sixth and seventh of which Allen demurred for want of facts, and now insists that the court erred in overruling the demurrers.

In the fifth and sixth paragraphs each are alleged matters in the nature of an estoppel *in pais,* to the effect that having been informed by the appellee that he was about to purchase the notes, Allen said " all right," and gave no notice of having any defence.    Each of these paragraphs is fatally defective for this, if for no other reason, that it does not show that Allen, at the time referred to, had knowledge of the frauds which are alleged in his answer.    Circumstances are alleged which, in some degree, tend to show that he ought reasonably to have discovered the fraud, if, in fact, it had been perpetrated as alleged ; but it is not good pleading to set forth evidence ; the fact itself must be alleged, unless the circumstances set forth are conclusive of the fact, which is not so in this case.

In the seventh paragraph it is alleged that the pretended defences are made under a corrupt and champertous bargain between Allen and his co-defendants Porter and Gartin, by the terms of which the suit is to be carried on at their joint expense, and Allen is to have the benefit of one-half of the amount that shall be recouped from the notes sued on, and Porter and Gartin are to have the benefit of the other half thereof.

Besides overruling the demurrer to this pleading, the court,

on the trial, directed the jury to return a verdict for the appellee, in disregard of the defences pleaded. This direction was based upon, and is claimed to have been justified by, a written agreement between Allen and his co-defendants, which was put in evidence. That agreement shows the terms upon which the property was sold and conveyed by Allen to Porter and Gartin, and contains the following clause: "*Fourth.* To pay such sum as may be due, or found due, on a settlement, compromise, or litigation of a certain mortgage held by Benjamin Frazee, the face of which is $1,960; and it is agreed that for whatever sum said debt is settled less than the face, the parties to the contract are to divide; that is to say, the said Porter and Gartin are to pay the said Allen the one-half of whatever may be rebated, recouped or set off against said claim."

Conceding the reply to be good, it is clear that the proof did not support it, and the court was not justified in taking the case from the jury. We are, however, of opinion that the reply is not good. The rigorous rules of the common law in reference to champertous contracts have never been enforced in this State, *Stotsenburg* v. *Marks*, 79 Ind. 193; and under the code they probably can have still less application. It is said in *Greenman* v. *Cohee*, 61 Ind. 201, that "Champertous contracts may be brought before the court in two or more ways, viz.: by being the foundation of a suit, perhaps of a defence. In such cases the question upon them arises between the parties to them, and they are held void;" and it is held in that case that if the action is being prosecuted under a champertous contract, and the fact is brought to the attention of the court, the court may at once dismiss the action. But our attention has been called to no case, and it certainly has never been held in this State, that the plaintiff may reply to a meritorious defence to his cause of action, that the defendant is making his defence under a champertous agreement to share the benefits of success with another. The contract might be void as between the parties to it, as was held in *Quigley* v. *Thomp-*

*son*, 53 Ind. 317, *Scobey* v. *Ross*, 13 Ind. 117, and other cases ; but why, in an action upon an unjust claim, the plaintiff should be allowed to avail himself of an unlawful agreement between defendants to the action, it is difficult to see. But, passing this question by and conceding that under some circumstances the alleged defence might be so tainted with champerty or maintenance as not to be permissible, no such state of facts is shown in this case. The alleged agreement was not between a defendant to the action and a stranger, but between co-defendants. It appears in the complaint that Porter and Gartin had bought the property of the mortgagor, their co-defendant, but it is not alleged in the complaint, nor shown in any of the pleadings, that they had assumed the payment of the mortgage debt, or had purchased subject thereto ; so that it does not appear but that they were vitally interested in making a good defence to the action. They were made defendants with Allen to the complaint, and consequently with him had a right to make all defences which were possible ; and, this being so, they had a right, as against the plaintiff, to make such agreement as they chose for sharing with Allen the expenses and benefits of the litigation.

Judgment reversed, with instructions to sustain the demurrer to the fifth, sixth and seventh paragraphs of reply.