The State v. Downs.

---

## THE STATE v. DOWNS.

[No. 18,219.    Filed September 21, 1897.]

CRIMINAL LAW.—*Bribery.—Elections.—Indictment.—Sufficiency.*—An indictment for bribery under section 2329, Burns' R. S. 1894, need not charge that the elector would have voted differently without the bribe, as the gist of such offense is the giving or offering of an article of value to influence the vote of an elector. *p. 326.*

SAME.—*Bribery.—Elections.—Indictment.*—An indictment which charges the giving, or offering to give a thing of value to induce an elector to vote the Republican ticket is sufficient under section 2329, Burns' R. S. 1894, as there is no distinction between the voting of a ticket and the voting for a candidate. *p. 326.*

SAME.—*Bribery.—Elections.—Indictment.—Sufficiency.—Consideration Given Elector.*—An indictment, under section 2329, Burns' R. S. 1894, for bribing an elector, which charges the giving and offer to give "two dollars," sufficiently describes the consideration or influence put forth, as the value thereof does not determine the degree of punishment. *pp. 326, 327.*

The State *v.* Downs.

JUDICIAL NOTICE.—*Elections.*—This court judicially knows that at the last general election one of the great political parties of this State and nation, known as the "Republican party," submitted to. the voters of this State, a ticket known by the people and recognized in the election laws as the "Republican ticket." *p. 328.*

SAME.—That which is judicially known need not be proven. *p. 328.*

From the Johnson Circuit Court. *Reversed.*

*Alonzo Blair, W. E. Deupree* and *M. L. Herbert,* for State.

*William A. Johnson,* for appellee.

HACKNEY, J.—The appellee was indicted in two counts, the first charging that he did, at, etc., on the 3d day of November, 1896, "feloniously hire one John King, at and for the hire and reward of two dollars, to vote the Republican ticket at the general election authorized by law for the election of State and county officers, and then and there being legally held at precinct number one, in the township of Blue river, in said county and State, the said John King being then and there a qualified voter of said precinct, and then and there entitled to cast his vote at said election." The second count, in the same manner, charged that the appellee feloniously offered to give John King two dollars to vote the Republican ticket at, etc. The lower court sustained the appellee's motion to quash each count, and that ruling is the only question presented by the record and briefs.

The statute under which the indictment was drawn provides that "Any person who shall give or offer to give, directly or indirectly, any money, property, or other thing of value, to any elector to influence his vote at any regular election held in this State pursuant to law, * * * shall be guilty," etc. Section 2329, Burns' R. S. 1894.

The objections urged by the appellee, some of which, it is said, influenced the lower court in its ruling, are, (1) that the words "two dollars," employed in either count, did not signify or raise the necessary inference that the consideration given or offered was money or a thing of value; (2) that it was not charged that King would have voted otherwise 'than as sought by the appellee; (3) that the designation "Republican ticket" was not sufficient without a charge that such a ticket was, at said election, before the voters for their suffrage, and (4) that the offense against which the statute is directed is that of giving or offering a thing of value to induce a vote for a "candidate" rather than for a "ticket."

The manifest object of the statute was to secure to the voter a free exercise of the right of suffrage, uninfluenced by any reward, or the offer thereof, and to deter others from giving or offering to give money or other thing of value to influence the voter in the exercise of such right. There is no word in the statute suggesting even that the corrupting gift or offer shall secure its object before the offense is complete. The gist of the offense is in the giving or offering of an article of value "to influence" the vote of an elector. Neither in the language, nor in the spirit of the statute is there such narrowness as to permit a distinction between the voting of a ticket and the voting for a candidate. In this State we vote for candidates by casting our ballots, which consist of the tickets of the various political parties. It is against the attempt to influence the vote of an elector that the law is directed, and it is not limited to an attempt in favor or against a particular candidate or set of candidates.

The charges of the giving and of the offering of "two dollars" sufficiently describe the consideration, or the influence put forth by the appellee. The offense may

The State *v.* Downs.

be complete in the giving or offering of money. The denomination or value of the money is of no consequence, and there is no reason for the allegation of value as in larceny, wherein value determines the grade of the offense, as petit or grand larceny, and directs the degree of punishment to be visited.

It is apparent, therefore, that if "two dollars" necessarily implies money, there is no valid objection to the indictment in omitting an allegation of value.

"Dollar is the money unit of the United States." 5 Am. & Eng. Ency. of Law, p. 854. Where a testator directed his executors to place the sum of "twenty thousand dollars" in some good investment, it was held that "there is no ambiguity about the word 'dollars.' If any word has a settled meaning at law, and in the courts, it is this. It can only mean the legal currency of the United States, not dollars vested in lands, or stocks." *Halsted* v. *Meeker's Executors*, 18 N. J. Eq., 136. "Money" in its strict technical sense, is coined metal, usually gold or silver, upon which the government stamp has been imposed to indicate its value. In its more popular sense, any currency, token, bank notes, or other circulating medium in general use as the representative of value. A generic term, and covers everything which by consent is made to represent property and passes as such currently from hand to hand. 15 Am. & Eng. Ency. of Law, p. 701. "Money" designates the whole volume of the medium of exchange regardless of its character or denomination. A "dollar" is of the volume of money, and is by law made a money unit of the value of one hundred cents. "Two dollars," therefore, could only mean a specific sum of money, or money, the value of which is fixed by law, and requires no proof. See *Burrows* v. *State*, 137 Ind. 474, 45 Am. St. 210; *McCarty* v. *State*, 127 Ind. 223; *Graves* v. *State*, 121 Ind. 357.

An indictment charging, under section 2096, Burns' R. S. 1894 (2009, R. S. 1881), an attempt to corruptly influence a public officer, by offering him "$50.00," was held good without adding that said fifty dollars were money and of value. *Shircliff* v. *State*, 96 Ind. 369. It is true that the objection that such additional allegation was omitted was not there made, but the fact that under a similar statute to that before us, and upon an indictment of the same character, both counsel and the court regarded no such objection as influential. See, also, Gillett's Crim. Law (2d ed.), p. 533, for the form of indictment for the offense in question, which form was employed in this case.

Nor do we deem it essential to the sufficiency of the indictment before us that it should have been charged that at said election there was a ticket known as the "Republican ticket" before the voters of the precinct for their suffrage. The court judicially knows that at the last general election one of the great political parties of the State and nation, known as the "Republican party," submitted to the voters of the various precincts of this State a ticket, known by the people, and recognized in the election laws of the State as the "Republican ticket." 12 Am. and Eng. Ency. of Law, p. 154; *State* v. *Swift*, 69 Ind. 505. That which is judicially known need not be proven.

We conclude, that the indictment is not bad in either count for any of the objections made against it. The judgment is reversed, with instructions to overrule the motion to quash the indictment.