## CALDWELL *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF BOONE.

[No. 6,020. Filed January 14, 1908.]

1. FEES AND SALARIES.—*County Assessors.*—Under §8531a Burns 1901, Acts 1895, p. 207, §1, the county assessor of Boone county is not entitled to serve more than 180 days in any year. p. 42.
2. COUNTIES.—*Unlawful Allowance to County Assessor.*—*Recovery.* —Where the board of commissioners allowed to a county assessor, and he was paid, more than he was entitled to receive under the statute, the board of commissioners may recover the amount unlawfully allowed and paid. p. 42.
3. PLEADING.—*Complaint.*—*Motion to Dismiss.*—*Counties.*—*Champertous Contracts.*—A county officer, against whom the board of commissioners has brought an action for the recovery of unlawful fees, has no right to a dismissal of the case for the alleged reason that the board and a third party had executed a champertous contract in reference to such recovery. p. 42.
4. FEES AND SALARIES.—*Excessive.*—*Appropriation for.*—The appropriation, by the county council, of money to pay an unlawful salary to a public officer is no defense, in an action by the board of commissioners for the recovery of the unlawful payment. p. 43.
5. SAME.—*Excessive.*—*Advice of County Attorney.*—That an officer acted upon the advice of the county attorney in receiving an unlawful salary, constitutes no defense to an action for the recovery thereof. p. 44.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by the Board of Commissioners of the County of Boone, against Theodore R. Caldwell. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Joseph W. Hutchinson,* for appellant.
*C. M. Zion* and *A. J. Shelby,* for appellee.

RABB, J.—This is an action by the appellee against the appellant to recover for moneys alleged to have been unlawfully allowed to the appellant for his services as county assessor of Boone county by the board of commissioners of said county, and wrongfully paid to him out of the county's funds. Appellant's demurrer to the complaint was overruled, whereupon he filed a verified motion to dismiss the case, which was also overruled by the court. Appellant then filed his answer to the complaint in one paragraph, to which appellee's demurrer was sustained. Appellant refusing to plead further, judgment for $573.47 was rendered against him on the demurrer.

The errors assigned here are the action of the court below in overruling appellant's demurrer to the complaint and his motion to dismiss the cause, and in sustaining appellee's demurrer to appellant's answer.

The substantial averments of the complaint are that appellant held the office of county assessor of Boone county from November 11, 1896, to November 11, 1900; that during said time he was allowed for his services by the board of county commissioners the sum of $573 for the first year, $588 for the second year, $807 for the third year, and $813 for the fourth year; that $33 of the first year's allowance, $54 of the second year's allowance, and $78 of the third year's allowance, was for services as a member of the county board of review; that the appellant claimed said allowances; that they were made to him by the board as compensation for his services as such county assessor; that said appellant was, under the law, entitled to claim and receive from the county, as compensation for services as such officer, but $2,160 for his entire term of office, and that the allowance by the county board and the payment to him out of the county treasury of all sums in excess of said amount was unlawful. The com-

plaint also alleges a proper demand for the return of the moneys.

That the appellant was only entitled to compensation for 180 days in each year, at the rate of $3 per day for his services as county assessor, is settled by the decision 1. of the Supreme Court in the case of *Board, etc.*, v. *Garty* (1903), 161 Ind. 464. .

By §6548 Burns 1901, Acts 1883, p. 48, §7, it is made ''unlawful for any board of commissioners to allow any county, township or other public officer, any sum of 2. money out of the county treasury, except when the statutes confer the clear and unequivocal authority to do so.'' The statute fixing the limit of the appellant's compensation fixes the limit of the county board's authority to allow for the same, and any allowance beyond this limit was therefore unlawful. That the board of county commissioners had the right to sue for a recovery of all sums, of money unlawfully allowed and paid out of the public fund is not open to debate. It has been thoroughly settled in the well-considered cases of *Board, etc.*, v. *Heaston* (1896), 144 Ind. 583, *Board, etc.*, v. *Buchanan* (1898), 21 Ind. App. 178, and *Tucker* v. *State, ex rel.* (1904), 163 Ind. 403. The demurrer to the complaint was properly overruled.

The court below overruled appellant's motion to dismiss the case, and this is alleged as error. The motion was based on the charge that a champertous contract had been 3. entered into between the appellee and one Hedges, by which Hedges was to pay the expenses of the litigation, and share in the amount recovered. If Hedges were suing the county to enforce this alleged champertous contract, the facts set forth in the appellant's motion to dismiss might be a good defense to his action, but it is no defense for the appellant in this case, nor does it present any reason why the action should be dismissed, or that the appellee should not compel the appellant to restore to the public treasury that which he has unlawfully taken from it. It is only

where a champertous contract itself is sought to be enforced, or in some manner comes in question, that its infirmity can be brought up. *Hart* v. *State, ex rel.* (1889), 120 Ind. 83; *Allen* v. *Frazee* (1882), 85 Ind. 283; *Cleveland, etc., R. Co.* v. *Davis* (1894), 10 Ind. App. 342. The motion was properly overruled.

The appellant's answer admits the averments of the complaint with reference to the allowances made to him by the county board, and their payment out of the public funds of Boone county, but avers that he was actually engaged in the discharge of the duties of his office for all the time he was allowed pay for by the board, and that all his said claims were duly presented to the board of commissioners and allowed by them, and an appropriation made by the county council of said county to pay the same. It is further averred that, before the appellant had been engaged 180 days of his time in the discharge of the duties of his office for the year 1899, the appellee, by and through the county attorney, for the purpose of inducing the appellant to act, represented to the appellant that the law limiting the number of days for which the appellant could claim compensation for services as county assessor had been repealed, and that under the then existing laws he would be entitled to pay at the rate of $3 per day for all the time occupied in the performance of the duties of his said office, and that he was thereby induced to and did occupy in the discharge of such duties all the time for which he was allowed in excess of 180 days in each of the years 1899 and 1900, and these facts are relied upon as an estoppel against the appellee to maintain this action.

The appropriation by the county council of public funds to pay an illegal claim or an unlawful allowance made by the county commissioners against the county in no way

4.   aids the validity of the claim, or gives to the claimant any additional right to take the funds out of the public treasury to pay such unlawful claim; nor is it any part

of the duty of the board of commissioners to advise county officers with reference to their duty, rights or emoluments under the law.  The Board of Commissioners of the County of Boone was not empowered by law to employ legal counsel to make representations to appellant as to how much time he could be allowed for his services as county assessor, and if appellant advised with the county attorney on this subject, said attorney in advising him upon the matter was his own attorney, and not the county's.  He was bound to know his duties and his rights under the law, and he had no right to look either to the board of commissioners or the county attorney for advice on the subject.

The demurrer to the answer was properly sustained, and the judgment of the court below is in all things affirmed.