## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* TRENNEPOHL.

[No. 6,657. Filed April 7, 1909. Rehearing denied June 9, 1909.]

1. PLEADING.—*Complaint.—Railroads.—Care Towards Shippers.—Assumption of Risk.*—A complaint alleging that the plaintiff was an employe of a shipper on defendant railroad company's road, and that while he was loading a box-car defendant negligently ran its locomotive against such car, to his injury, states a cause of action, there being no assumption of risk in the case. p. 107.

2. PLEADING.—*Complaint.—Theory.*—The rule requiring a complaint to proceed upon a definite theory should not be refined to absurdity nor subverted to injustice. p. 108.

3. PLEADING.— *Complaint.—Railroads.—Negligence.—Theory.*—The theory of a complaint alleging that defendant railroad company negligently ran its locomotive against the box-car in which plaintiff was loading freight for a shipper, is that of negligence. p. 108.

4. PLEADING.— *Complaint.— Statutory Requisites.*— The statute (§343 Burns 1908, §338 R. S. 1881) requires only such a statement of facts in a complaint as will enable a person of common understanding to know what was intended. p. 109.

5. PLEADING.— *Complaint.— Railroads.—Negligent Running.—Slippery Tracks.*—Under an allegation that defendant railroad company negligently ran its locomotive against the box-car in which

the plaintiff, a shipper's servant, was working, admits proof of a slippery track as a contributing cause of such collision. p. 109.

6. CHAMPERTY AND MAINTENANCE.—*Railroads.—Evidence.—Motions to Dismiss.—Trial.*—A motion to dismiss a personal injury case on the ground of champerty, because an expert medical witness testified that plaintiff's attorney employed such witness to examine the plaintiff, and because the defendant railroad company's claim agent testified that the plaintiff would have settled his claim except for the fact that his attorney was to get half of the amount recovered, should be overruled. p. 110.

7. TRIAL.—*Instructions.—Construction of Sentences.*—An instruction containing a compound sentence, the alleged objections to the latter part being obviated by the statements in the former part, is not erroneous. p. 110.

8. TRIAL.—*Instructions.—Copying from Appellate Court Decision.*—Applicable passages copied from Appellate Court decisions may be used in instructing the jury in a similar case. p. 110.

9. TRIAL.—*Instructions.—Appeal.—Certiorari.*—Alleged defects in an instruction which have been obviated by a writ of *certiorari* will be disregarded. p. 110.

From Jennings Circuit Court; *Francis M. Thompson,* Judge.

Action by Christian Trennepohl against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Edward Barton, Robert Alcorn, McMullen & McMullens* and *Lincoln Dixon,* for appellant.

*James H. Connelley, Willard New* and *Burt New,* for appellee.

ROBY, J.—Action by appellee to recover damages for personal injuries alleged to have been sustained by him while engaged as a laborer in loading and placing wood in a box-car on a side-track of the defendant company, by reason of the negligent running of an engine, by the employes of defendant, against the box-car in which he was working, throwing him down, and causing the wood in the car to fall upon and injure him. A demurrer to the amended complaint was overruled, general denial filed, trial by jury and verdict for appellee. Motion to dismiss the action for the alleged rea-

son that a champertous agreement existed between appellee and his attorney was overruled, motion for a new trial was overruled, and judgment was rendered on the verdict for $2,500 and costs.

Errors are assigned upon the action of the court in overruling the motion just mentioned and in overruling the demurrer to the complaint.

The amended complaint alleged that the defendant was, on the day of the injury, a common carrier for hire; that Fred Roettle was on said day engaged in shipping 1. cord-wood over the defendant's road from the station at Milan, Indiana, and had at said time in his employ the plaintiff, who was engaged as a common laborer in loading and placing said cord-wood in a box-car on a sidetrack of the defendant company at said station; that the car was placed upon the track by the company where it had ordered the wood to be loaded; that while the plaintiff was in the car, and in the place he had been invited by the company to occupy, and while engaged in the performance of his duties, the defendant, knowing at the time that the plaintiff was in the car, unlawfully, carelessly and negligently ran a locomotive engine over and upon said sidetrack where said car was being loaded, upon and against said car with great force and violence, without giving plaintiff any notice or warning of the approach of the engine, and by the force of said collision plaintiff suffered the injuries complained of. Appellant contends that the complaint is insufficient; that appellee stood in the same relation as an employe of appellant; that he assumed the risk, and that a specific allegation negativing knowledge of the danger is necessary. These contentions are erroneous.

"A railroad company, which is a common carrier of goods, and which by its conduct invites or induces the public to use its premises, such as depots and other places set apart for receiving and discharging freight, is under special obligation to keep such premises safe for such use for all per-

sons coming upon the premises to transact business with such company, and among those who are entitled to this protection are such persons who come there for the purpose of delivering or receiving freight.  *  *  *  This duty includes the further one of furnishing to persons lawfully upon the railroad track of such company, engaged in loading or unloading freight, protection from injury by approaching trains or locomotives.  In such cases, a person having business with the company of the character indicated, has a right to occupy a position designated by the agent of the company, even if such position be hazardous, and to rely upon the diligence of the company to protect him from danger.'' *Toledo, etc., R. Co.* v. *Hauck* (1893), 8 Ind. App. 367, 373, and numerous cases cited.  And see *Chicago, etc., R. Co.* v. *Pritchard* (1907), 168 Ind. 398, 9 L. R. A. (N. S.) 857.

The trend of appellant's argument in urging error in overruling the motion for a new trial is as follows: That the collision was not caused by the speed of the engine, but by reason of a slippery track which prevented the stopping of the engine; that the complaint proceeds upon the theory that it was the negligence of the operating department and not of the maintenance of way department which caused the accident, and that the judgment was therefore erroneously rendered.  ''It is true that a pleading must proceed upon a single, definite theory,'' but this rule ''should not be carried to that degree of refinement that might lead to absurdity or defeat the ends of justice.'' *South Bend Mfg. Co.* v. *Liphart* (1895), 12 Ind. App. 185. Here, as in the case just cited, ''the negligence of the defendant is the basis of the liability sought to be charged'' against the company, ''and this is the theory of the complaint.''   §343 Burns 1908, §338 R. S. 1881.  A scholarly member of the bar of this court writes concerning this subject as follows:

''The true explanation of this seeming incongruity between statutory and judicial declarations is found in con-

sidering the history of the statute of Westminster II.  The
need of system, of orderliness in the procedure of the courts,
combined with a hatred of innovation, induced the clerks in
chancery over six hundred years ago to narrow the opera-
tion of the statute of Westminster II., and, within a few
years after its passage, to cease granting writs of a new
nature, thereby thwarting the purposes of the act.  To-day
the same need of system and orderliness has induced the
courts to add to the requirements fixed by statute the re-
quirement that litigants base each of their pleadings on a
distinct theory.  If the courts of to-day were opposed to the
spirit of our codes, if they were not composed in the main
of broad-minded as well as learned judges, if they were not
imbued with the modern view that form is nothing while
substance is everything, the tendency thus displayed would
in a few years cause our procedure to crystallize into a num-
ber of set forms of action, and the history of the statute
of Westminster II. would be repeated."  "Phases of Histor-
ical Jurisprudence," by Arthur W. Brady, Report Indiana
Bar Association, 1905, p. 118.

The rule regarding the "theory of the case" should not
be extended beyond its reason.  Nor can it be advanced to
destroy the effect of the statute which in terms re-
quires a statement of facts in plain language in such
manner as to enable a person of common understand-
ing to know what is intended.  §343 Burns 1908, cl. 2, §338
R. S. 1881.  The language of the complaint is as follows:
"Carelessly, negligently and wrongfully ran said
locomotive at high rate of speed upon and against
the car in which plaintiff was loading said wood, and
carelessly and negligently ran said locomotive against plain-
tiff with great force and violence, without giving to the
plaintiff any notice or warning of the approach of said loco-
motive engine."  It is the "running into" which caused the
accident, and if the negligence of this same defendant in

permitting a track to become slippery contributed to the accident, it will be considered as covered by the allegation.

During the trial one of plaintiff's expert witnesses testified that he was employed by appellee's present attorney in this case to examine the plaintiff. Appellant's claim agent testified that appellee told him that he would settle with him, but that he had an agreement with his attorney whereby the latter was to get half the amount. Asserting that this evidence shows champerty, appellant moved to dismiss the case. His motion was correctly overruled for at least three reasons: (1) It was not made until after judgment (*Greenman* v. *Cohee* [1878], 61 Ind. 201; *Cleveland, etc., R. Co.* v. *Davies* [1894], 10 Ind. App. 342) ; (2) such fact, if conceded, could not be used by appelland to defeat a just cause of action (*Allen* v. *Frazee* [1882], 85 Ind. 283; *Hart* v. *State, ex rel.* [1889], 120 Ind. 83) ; (3) such evidence does not establish champerty (*Quigley* v. *Thompson* [1876], 53 Ind. 317; *Board, etc.,* v. *Jameson* [1882], 86 Ind. 154; *Allen* v. *Frazee, supra; Hart* v. *State, ex rel., supra; Tron* v. *Lewis* [1903], 31 Ind. App. 178; *Whinery* v. *Brown* [1905], 36 Ind. App. 276; *Caldwell* v. *Board, etc.* [1908], 41 Ind. App. 40).

Several objections are made to the giving and refusing to give certain instructions. It is objected that the fourth instruction allowed the jury to find for appellee, if injured by any negligence of appellant, when it should limit such statement to negligence alleged in the complaint. The statement objected to is a part of a compound sentence, the first part of which obviates the alleged error. The fifth instruction objected to consists of an applicable passage from the case of *Toledo, etc., R. Co.* v. *Hauck, supra,* which has already been quoted in this opinion, and the defect objected to in the sixth instruction has been corrected by a writ of *certiorari.* Other objections are unimportant.

Judgment affirmed.