# Johnson *v.* The State.

*Larceny.*

(Decided June 9, 1910. 52 South. 652.)

1. *Larceny; Money; Evidence.*—Where the evidence showed the larceny of a twenty dollar gold piece, a ten dollar gold piece, a ten dollar bill, several silver dollars and silver specie, but did not show that the money was the money of the United States or any other sovereign power, the jury was justified, in a prosecution for larceny charging that the money was the money of the United States, in finding it to be United States currency.

2. *Words and Phrases; Money.*—In its strict technical sense money is coined metal, either gold or silver, on which the government has impressed its stamp to indicate its value; in its more popular sense, it means currency, bank notes, or other circulating medium in general use as the representative of value, and the word designates the whole volume of exchange regardless of its character or denomination.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Cleve Johnson was convicted of the larceny of certain money, and he appeals. Affirmed.

S. W. FRIERSON, for appellant. The defendant was entitled to the affirmative charge because it was not shown that the money stolen was currency of the United States as alleged in the indictment.—*McGehee v. The State*, 52 Ala. 224.

ALEXANDER M. GARBER, Attorney General, for the State. The evidence was sufficient to submit to the jury the question as to whether the money stolen was that described in the indictment.—*Watts v. The State*, 55 Ala. 158; *Wall v. The State*, 8 Ala. 418; *Gady v. The State*, 83 Ala. 53; *Verberg v. The State*, 137 Ala. 73. The descriptive words were immaterial and there was no variance.—25 Cyc. 101.

MAYFIELD, J.—The defendant was indicted for the larceny of one $20 gold piece, one $10 gold piece, one $10 bill, 4 silver dollars, and 90 cents in silver specie, which denominations are otherwise unknown to the grand jury, all money of the United States, and the property of Charlie Cowan, of the value of $44.90. The evidence conclusively showed that money of the denominations and value alleged was stolen from Charlie Cowan, and it tended to show that the defendant was the thief; in fact, he admitted getting a part of the money of Cowan alleged to have been stolen. No witness, however, testified that the money was stolen, or that found in the possession of the defendant claimed to have been stolen, was money of the United States of America; but it was certainly open to the jury to infer, from all the evidence, that it was such. We do not think that there was such an entire failure of proof as to this description of this money as would warrant the giving of the affirmative charge for the defendant.

There is no question of variance in the case. There was no proof to show that it was the money of any other sovereign or government than that of the United States. It is simply a question of sufficiency of proof as to the averment. Money is defined as follows: "Money, in its strict, technical sense, is coined metal, usually gold or silver, upon which the government stamp has been impressed to indicate its value; in its more popular sense, any currency token, bank notes, or other circulating medium in general use as the representative of value; a generic term, covering everything which by consent is made to represent property, and passes as such currently from hand to hand. The word designates the whole volume of the medium of exchange, regardless of its character or denomination."—*State v. Downs,* 148 Ind. 324, 47 N. E. 670, 671; *Hopson v. Fountain,* 5 Humph.

(Tenn.) 140; *Graham v. State,* 5 Humph. (Tenn.) 40,
41; *State v. Hill,* 47 Neb. 456, 66 N. W. 541, 559; *United
States v. Lucius Beebe & Sons,* 122 Fed. 762, 767, 58
C. C. A. 562.  This court has held that the generic term
"money" is understood to include notes as well as the
authorized coin of the country, since the introduction
and free use of bank and treasury notes as a circulating
medium and standard of value.—*Noble v. State,* 59 Ala.
73.  This court has also decided that, when a decree
provides for the payment of money, that term imports a
constitutional  currency.—*Shackelford v. Cunningham,*
41 Ala. 203.

It was therefore open for the jury to infer that the
money stolen was lawful money of the United States of
America, if it was not their duty so to do; it not appear-
ing that it was the money of any other sovereign or gov-
ernment than that of the United States of America, and
the proof being abundantly sufficient in all other re-
spects to support a conviction.

The court properly refused to give the affirmative
charge for the defendant, or to direct a verdict in his
favor.  This being the only exception or question reserv-
ed or presented for review on appeal, the judgment must
be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.