PENNSYLVANIA RAILROAD COMPANY *v.* WINAMAC CEMENT PRODUCTS COMPANY.

[No. 12,561.   Filed January 13, 1927.   Rehearing denied March 16, 1927.   Transfer denied July 17, 1928.]

*G. E. Ross* and *Charles Hamilton Peters,* for appellant.
*Harry W. McDowell* and *Reidelbach Brothers & Spangler,* for appellee.

NICHOLS, J.—Action to recover the value of an auto-

mobile truck destroyed by a backing engine at a public highway crossing in the town of Winamac, Indiana.

The complaint charges that the said engine was negligently backed across said highway crossing without sounding any whistle, ringing any bell, or showing or displaying any light on the rear of the tender, the end of said locomotive engine and tender first approaching, and without giving any signal, and without any warning of the approach of said locomotive engine and tender, and that appellant caused said locomotive engine and tender to collide with and strike appellee's automobile truck with great force and violence, so as to overturn it and forcibly to push, shove and drag it, after said collision, a distance of about eighty feet, whereby it was demolished and destroyed; and that, at the time appellee's employees approached the crossing and drove said truck upon the tracks, its front and rear lights were lighted, casting its rays of light over and across the tracks of appellant's railroad, and said truck and the lights thereon were visible and apparent, and might or could have been seen by appellant's employees by the exercise of ordinary care and diligence, in time to have sounded an alarm and to have stopped said locomotive engine and tender, and to have prevented said collision, but, notwithstanding such fact, appellant, by its employees, without giving or displaying any signal whatever, ran and operated said engine and tender, without stopping or attempting to stop the same, against said truck with great force and violence as aforesaid, demolishing and destroying it. After appellant's motion to make more specific and its demurrer to the complaint were each overruled, the cause was submitted to the court for trial on an agreed statement of facts substantially as follows:

Appellant, on April 16, 1923, and for many years prior thereto, operated and maintained in the town of Wina-

mac, a railroad with two main tracks and a siding running from the northwesterly to the southeasterly, at right angles over a public street, which is known as "Washington street."

On said date and at the time of the collision hereinafter described, the view of a traveler approaching appellant's railroad and track from the west on said Washington street was obstructed by buildings along and on the right of way so that a full view of said tracks to the northwest could not be had until reaching a point about twenty feet west from the west rails of the west main track, and that immediately east of the right of way, northerly from Washington street, adjoining and parallel to the tracks and siding, there is a steel covered elevator and sheds, blackened by coal dust, dirt and grime, which form a dark background for any unlighted locomotive or car standing or moving on said tracks by said elevator and sheds, and, after dark, an unlighted train, car or engine would not and could not be distinguished by travelers on Washington street coming from the southwest until reaching the east main track. On said date, appellee was the owner of one Avery one-ton truck, of the value of $1,500, and, after dark and between the hours of 7 and 8 p. m., John Kruzick, an officer and employee of appellee, accompanied by another employee, was driving said truck on the west side of said railroad in a northeasterly direction on said Washington street, and, while so driving it, at a point twenty feet from the west main track of said railroad, he brought it to a standstill, and both he and the other employee looked in both directions along the track for approaching trains, and listened for the sound of a whistle and bell and noise of an approaching locomotive engine or train, but neither of them could nor did hear or see any locomotive approaching the crossing, and, neither at said time nor at any time prior to the collision, did they hear the sound

of any whistle, ringing of any bell or noise of an approaching locomotive engine or train. Nor could they or either of them, nor did they or either of them, see any light on an approaching locomotive or train, nor did they, or either of them, hear any approaching locomotive train. They proceeded to approach and cross said tracks at the said crossing from a southwesterly direction, and, while so approaching it, continuously until the collision, they looked up and down and along said tracks for any approaching locomotive engine and train, and listened for the sound of a whistle or ringing of a bell and noise thereof, and looked for lights or other signals thereof, but did not hear the sound of any whistle, ringing of any bell, or noise of an approaching engine or train, and did not see any light or lights or other signals thereof prior to the collision. Both had normal hearing and eyesight.

John Kruzick, since 1913, had operated motor trucks and vehicles continuously, was well acquainted with the management and operation thereof, and had never had an accident.

Just as he drove said truck on to the east main track of said railroad at said crossing, appellant's employees ran a certain locomotive engine with tender along its east main track in a southeasterly direction backward across said Washington street, and collided with and struck said truck with great force and violence, overturning it, and forcibly shoving it eighty-three feet, after said collision, along said track southeast from said crossing, where it struck a frog and a lead rail, whereby it was demolished and destroyed, to appellee's damage in the sum of $1,500. Immediately prior to and at the time of said collision, the truck and engine were each running at the rate of about four miles per hour.

Appellant, in so continuously operating and running its said locomotive engine and tender on said track over

and approaching said Washington street crossing, so operated it without sounding any whistle and without showing or displaying any light on the rear end of said locomotive engine and tender approaching said crossing. When said employees so driving said truck approached said crossing and brought said truck to a stand still, and, at all times when he was driving it, and at the time of and prior to the collision, the front and rear lights of said truck were lighted, and at the time when he brought said truck to a stand still, and thereafter, the front lights of said truck cast strong rays of light over and across the tracks of appellant at said crossing. Appellant, by its employees, operated said engine and tender without stopping or attempting to stop till after the collision with and the destruction of said truck.

Both of appellee's employees were, before the accident referred to, familiar with said crossing and the location of the obstructions, and they did nothing before driving said automobile on said crossing except to stop their car and look and listen as hereinbefore stated. It is thirteen feet and three inches from the west rail of the east track to the west rail of the west track at said crossing.

The court, from this agreed statement of facts, which is all the evidence in the case, found for appellee, and that it recover from appellant $1,500 in damages, on which finding, after appellant's motion for a new trial was overruled, judgment was rendered. The errors assigned are the court's respective rulings on appellant's motion to make more specific, its demurrer to the complaint, and its motion for a new trial.

Having thus so fully stated the averments of the complaint, and the facts as agreed on, it seems that there is but little left for the court to do. The averments of the complaint are such as to make it clear to any one of common understanding, the ground upon which a recovery is sought. This is as much as is

required to make it sufficient against a motion to make more specific. *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 323, 123 N. E. 409; *Baltimore, etc., R. Co.* v. *Trennepohl* (1909), 44 Ind. App. 105, 109, 87 N. E. 1059.

The facts averred in the complaint clearly show that there was a legal duty resting upon appellant to use ordinary care not to injure appellee, and that it ██ did not use such care. The facts averred, which were substantially the same as agreed upon and above set out, show that appellee was not guilty of contributory negligence so as to preclude a recovery. Such a complaint is sufficient to withstand appellant's demurrer. *Fauvre Coal Co.* v. *Kushner, supra; Baltimore, etc., R. Co.* v. *Trennepohl, supra; Pittsburgh, etc., R. Co.* v. *Terrell* (1911), 177 Ind. 447, 95 N. E. 1109. The case was certainly fairly tried, the only evidence being agreed upon, and, under such circumstances, no objection taken by demurrer and overruled is sufficient to reverse the judgment, if it appears from the whole record that the case was fairly tried on its merits. *Baltimore, etc., R. Co.* v. *Hill, Admr.* (1925), 84 Ind. App. 354, 148 N. E. 489; §426 and 725 Burns 1926.

The facts as agreed upon show conclusively that appellant was guilty of actionable negligence in backing its engine across said street at the time, in the manner and under the circumstances shown, and it appearing thereby that appellee was not guilty of contributory negligence, appellant should respond in damages. Under such circumstances, nothing can be gained by considering the numerous technical questions presented.

The judgment is affirmed.