PENNSYLVANIA RAILROAD COMPANY *v.* HOUGH.

[No. 12,825.   Filed March 15, 1928.   Rehearing denied July 20, 1928. Transfer denied February 15, 1929.]

602

*Rynerson, Bryer & Shinn* and *Jonas G. Howard,* for appellant.

*George H. Hester* and *Louis B. Ewbank,* for appellee.

NICHOLS, J.—Action under the federal Employers' Liability Act by appellee, a switchman, to recover damages for alleged personal injuries sustained by him on June 12, 1924, on account of alleged negligence of appellant in maintaining a defective brake on a freight car.

Appellant says that the essential controversies as to questions of fact are whether the ratchet wheel of the brake was inefficient and defective in the respects claimed by appellee, and whether appellee was injured and has been damaged in the manner and to the extent claimed by him.

The court overruled the appellant's motion to make the amended complaint more specific, and his demurrer to the amended complaint, to each of which rulings appellant duly excepted.

A jury trial resulted in a verdict for appellee for $6,000, on which, after appellant's motion for a new trial was overruled, this appeal.

The errors relied upon for reversal are: (1) The court's action in overruling appellant's motion to make appellee's amended complaint more specific; (2) overruling appellant's demurrer to the complaint; and (3) overruling appellant's motion for a new trial.

It is averred in the complaint, in substance, that on June 12, 1924, appellee was employed by appellant, as a switchman, to work and assist in the transfer and switching of freight and freight cars, hauled by appellant, from points outside of the State of Kentucky to its railroad yards which were located and maintained by appellant in the city of Louisville, Kentucky, and to make up trains of freight and freight cars in its yards and at other points in Louisville, to be transferred and switched to Jeffersonville and other points in Indiana and other

states; that, on said day, appellee, under the terms of his said employment and while in the performance of his said duties as switchman and while acting under the orders and directions of appellant, was engaged in connecting the cars of a train of freight cars, in Louisville, to be delivered to Jeffersonville, Indiana; that in making up said train, it became necessary and was the duty of appellee, under his employment, to cut out from the train, to be delivered to Jeffersonville, a certain freight car which was loaded with freight, and which had been hauled by the Louisville and Nashville Railroad Company from a point outside Kentucky to be delivered at a point in appellant's railroad yards, to the consignee thereof; that said car, and the brake thereon, were, by reason of the carelessness and negligence of appellant, out of repair, inefficient and defective in this: That the ratchet attached to the staff of said brake was loose and would not hold when the said brake was wound up and set; that when said freight car was so cut out from said train, appellee, as required by the duties of his employment, undertook to set said brake on said car to prevent it from proceeding down a grade on said track on which it was located; that, for said purpose, he wound said brake and set the ratchet thereof to hold it in a set position; that when he was about to loosen his hold on the wheel of said brake, by reason of the defective and inefficient condition thereof, and of the ratchet thereof, it suddenly and with great force unwound and flew back, striking appellee and throwing him with great force and violence against said car, thereby injuring him. That, as a direct result of the inefficient and defective condition of said brake and the action thereof, and as a direct result of being struck against the side of said car, he suffered the fracture of one or more of the vertabrae of his spine, and his back and the muscles thereof were wrenched, bruised and strained; that the said fracture has caused

a large callous to form, which presses against and interferes with his spinal cord; that he has been thereby caused to suffer, still suffers and will continue to suffer, great physical pain and mental anguish; that the use of his left leg has been materially reduced and injured; that said injuries are permanent; that he earned, before his said injuries, from $185 to $200 per month as wages; that he is permanently disabled from following his usual vocation as a switchman or earning wages as such; that he has been compelled to employ a physician for the treatment of his said injuries, at an expense of $200. He demands judgment for $20,000.

Appellant, contending that the court erred in overruling its motion to make the complaint more specific, says that the precise nature of the charge in the complaint that the ratchet was loose and would not hold is not so apparent as to apprise a person as to why the ratchet would not hold. It is averred in the complaint that the ratchet attached to the staff of the brake was loose and would not hold and that after it was wound up, by reason of the defective and inefficient condition of the brake and ratchet, the brake unwound and flew back, thereby striking appellee.

It is expressly provided by §2 of the federal Safety Appliance Act, 8 Fed. Stat. Ann. (2d ed.) 1190, that: "On and after July 1, 1911, it shall be unlawful for any common carrier subject to the provisions of this act to haul or permit to be hauled or used on its line any car subject to the provisions of this act not equipped with appliances provided for in this act, to wit: All cars must be equipped with secure sill steps *and efficient hand brakes.*"

It thus appears that a railroad company is absolutely prohibited from hauling a car on its lines that is not fully equipped with efficient hand brakes, and it was unnecessary, as against the motion to make

more specific, that the complaint should contain an averment as to why the brake was defective and inefficient. The only fact which appellee needed to aver in its complaint as to the condition of the brake was that it was defective and not efficient, and that, while in such condition, it was hauled or permitted to be hauled by appellant. There is no duty resting upon appellee to explain why the brake or ratchet would not hold, and though the car may have been originally equipped with a proper brake, appellee was not required to aver and to prove that appellant did not use reasonable care to keep it in such proper condition. As stated above, the duty resting upon appellant not to haul or permit the car to be hauled unless properly equipped with efficient hand brakes, was absolute, regardless of any causes or reasons for its not being so equipped. *Delk* v. *St. Louis, etc., R. Co.* (1911), 220 U. S. 580, 55 L. Ed. 590, 31 Sup. Ct. 612; *Chicago, etc., R. Co.* v. *Stierwalt* (1926), 87 Ind. App. 478, 153 N. E. 807, 810. The negligence averred in the complaint is the use of a car by appellant which was not properly equipped with an efficient hand brake. This was sufficient in this regard to inform appellant of the ground upon which the recovery was sought. Appellee was not required to do more. *Pennsylvania R. Co.* v. *Winamac Cement, etc., Co.* (1927), 87 Ind. App. 649, 154 N. E. 772. The court did not err in overruling appellant's motion to make the complaint more specific.

Appellant's contention that the court erred in overruling its demurrer to the complaint is based upon substantially the same reasoning as presented by it in its contention that the court erred in overruling its motion to make more specific. It says that it does not appear by the complaint that appellant was guilty of any negligence in failing to equip the car with efficient brakes in the first instance, or in hauling it after the ratchet became loose and would not hold; that it

does not appear that appellant was guilty of any negligence with reference to the ratchet becoming loose and failing to hold; that it does not aver in what the negligence of the defendant consisted; that the ratchet had been loose or inefficient for any length of time, or that appellant was negligent in failing to inspect it. These contentions of appellant are fully met by again asserting that it was the absolute duty of appellant under the federal Safety Appliance Act not only properly to equip its cars with efficient hand brakes but to maintain them as such, and there is no provision in the statute for any excuse for not so doing. The case of *Chicago, etc., R. Co.* v. *Stierwalt, supra,* involved the negligence of appellant in using a car in interstate traffic not properly equipped with automatic couplers, and this court held that: "This statute imposes *an absolute duty* on public carriers of interstate commerce. No cars loaded or unloaded can be used in interstate traffic that do not comply with the standard prescribed by the statute. *This duty is not discharged by showing the use of reasonable care in equipping cars with the required safety appliances. Chicago, etc., R. Co.* v. *United States* (1911), 220 U. S. 559, 31 Sup. Ct. 612, 55 L. Ed. 582; *Delk* v. *St. Louis, etc., R. Co.* (1911), 220 U. S. 580, 31 Sup. Ct. 617, 55 L. Ed. 590." The complaint contains a general averment of negligence in using a car on its line that was not equipped with efficient hand brakes, and such an averment is sufficient to withstand appellant's demurrer for want of facts. *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 102 N. E. 403; *Princeton Coal, etc., Co.* v. *Roll* (1903), 162 Ind. 115, 66 N. E. 169; *Kaemmerling* v. *Athletic Mining & Smelting Co.* (1924), 2 Fed. (2d) 574. Under circumstances such as averred here, the rule of *res ipsa loquitur*, which is a rule of pleading as well as a rule of evidence, clearly applies. In the case of *Baltimore, etc., R. Co.* v. *Hill* (1925), 84 Ind. App. 354, 148 N. E. 489, this court, in discussing

the applicability of the *res ipsa* rule, said: "In this connection, let us suggest that there are cases wherein the particular facts and causal circumstances are obscure and where necessarily much is left to inference. In such cases, the rule of evidence, *res ipsa loquitur*, ought to and in fact does have its concomitant rule of pleading. While a complaint should state the facts with a reasonable degree of certainty, what constitutes a reasonable degree of certainty must depend upon the circumstances and nature of the case. And where the rule *res ipsa loquitur* is applicable, reason does not require the plaintiff to state the facts with that degree of particularity which would be required in ordinary cases. Indeed, in such a case, an attempt to specify the remote grounds of negligence would be mere guesswork on the part of the plaintiff."

We hold that the complaint states a cause of action as against appellant's demurrer for want of fact.

Presenting its assigned error that the court erred in overruling its motion for a new trial, appellant first contends that the verdict of the jury is not sustained by sufficient evidence, but this contention cannot prevail. The evidence of appellee alone, who examined the brake after he was injured, describing the defective condition of the brake, is sufficient in that regard to sustain the verdict. Supporting this testimony, there was evidence of a number of practical railroad men that such defects as appellee claims that he found on this brake frequently occur. That an accident occurred is substantially admitted. While there was some evidence by appellant's expert witnesses that he was not injured and that his condition was normal, there was other evidence by experts who had made a careful examination of appellee's condition, that he had sustained serious injury. Added to this, is the overwhelming evidence of those with whom appellee had been associated that,

before the time of the accident, appellee was an able-bodied man and that thereafter he was disabled, being confined to his bed for a time and thereafter incapacitated for manual labor. All of these circumstances the jury had a right to consider. There was both positive and circumstantial evidence to sustain the verdict as to the injury. As was said in *Chicago, etc., R. Co.* v. *Mitchel* (1915), 184 Ind. 383, 110 N. E. 215, a case of this character may, of course, be made out entirely on circumstantial evidence, and with both positive and circumstantial evidence before it, the jury must determine upon its weight and force, and it is not for us, except upon very strong reasons, to disturb its verdict.

Appellant complains that the court erred in refusing to permit it to read in evidence its Exhibit No. 7, which was an affidavit by appellee filed by him in objection to the motion of appellant to require appellee to submit himself to physical examinations by physicians to be appointed by the court, by which affidavit, appellant sought to show that appellee, under oath, had admitted that Dr. Oscar E. Bloch, a physician and surgeon of Louisville, was in the employ of appellant acting for it in the examination and treatment of its injured employees, and in order that appellant might know the nature and extent of appellee's injuries, he went to the office of Dr. Bloch and submitted to a thorough and complete examination by Dr. Bloch, who was acting at the time for appellant, and that he again, at the request of appellant, submitted to a full and complete physical examination by Dr. Bloch, including an X-ray examination and picture of his spine. The affidavit was offered, as appellant stated, solely for the purpose of showing that Dr. Bloch was a competent witness, and, of course, was for the court. But such affidavit was a part of the record in the cause of which the court was bound to and

did take judicial notice. It is not necessary to prove a thing of which the court takes judicial notice. *State v. Simpson* (1906), 166 Ind. 211, 215, 76 N. E. 544, 1005; *State v. Downs* (1897), 148 Ind. 324, 328, 47 N. E. 670; *Hancock v. Diamond Plate Glass Co.* (1905), 37 Ind. App. 351, 361, 75 N. E. 659. It is to be observed that the affidavit did not state that Dr. Bloch had not treated appellee as a patient nor that he had not been his physician. It does not appear by the affidavit that on the occasions when Dr. Bloch was examining appellee he was doing so solely as an employee of appellant. There was no error in refusing to permit the affidavit to be read in evidence.

It is within the province of the trial court to determine as to the competency of a witness, and, in this case, as to whether the relation of physician and patient existed between Dr. Bloch and appellee. After such preliminary examination, the offered testimony of the doctor was excluded on the ground that it was shown by the admissions of the doctor that he was at the time appellee's physician, that appellee had been treated by him as such physician during the preceding August, and that he had never told appellee that he was discharged as a patient. Because of the doctor's admission as to the relation between himself and appellee, the offered testimony was excluded. On this state of the record, we cannot say that the court erred. It is well settled that a physician is not competent to divulge any of the facts relative to the physical condition of his patient obtained by him when the relation of physician and patient existed. We do not need to cite authorities to sustain this well-established rule. In *Louisville, etc., Traction Co. v. Snead* (1910), 49 Ind. App. 16, 93 N. E. 177, the physician whose testimony was excluded was the appellant's physician, sent by it to attend those injured in a wreck. In the performance of the duties of

his employment, he made an examination of appellee's injuries. It was held that to permit him to testify as to the result of his examination would be a clear breach of the rule excluding privileged communications. In *Chicago, etc., R. Co.* v. *Schenkel* (1914), 57 Ind. App. 175, 104 N. E. 50, it was held that statements made to or by physicians employed by a railroad company, while attending the injured party, shortly after his injury, should be closely scrutinized, because of the situation and condition of the injured party, and the natural bias and influence of physicians so situated. In the instant case, it appears by the record that Dr. Bloch had been treating appellee for the injuries involved in this action, and the doctor testified that he was his patient, that he treated him as a physician, and that he had never told him that he was discharged as his patient. We hold that the court did not err in excluding the offered testimony of Dr. Bloch on the ground of privileged communication.

Appellant challenges instructions Nos. 12, 16 and 17, given by the court at appellee's request, but we have carefully examined each of these instructions in the light of the arguments of counsel thereon, and we hold that there was no reversible error in giving any one of them.

The judgment is affirmed.

Enloe, J., dissents.