ZEHRLAUT *v.* STATE OF INDIANA.

[No. 28,731.   Filed December 10, 1951.]

*Randolph H. Mayes,* of Terre Haute, for appellant.

*J. Emmett McManamon,* Attorney General; *George W. Hand* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

GILKISON, C. J.—On August 12, 1948, appellant was charged by an affidavit in two counts in the Vigo Circuit Court with "violation of Indiana Securities Law." On the same date he was arrested by the Sheriff of Vigo County by virtue of a warrant duly issued on the affidavit. The record indicates that appellant gave his recognizance bond to the sheriff during the vacation period of the court between the May and September terms, 1948.

On September 7, 1948, during the September term of court appellant filed his motion to quash each count of the affidavit. On January 28, 1949 the court overruled the motion to quash. On April 22, 1949 the court fixed May 9, 1949 for the arraignment of appellant. On May 9, 1949, appellant filed his verified motion to dismiss the action because of delay, which, omitting caption, signature and verification, is as follows:

"Comes now the above named Herbert A. R. Zehrlaut to the court and shows that he is the defendant in the above entitled cause of action.

"That he filed a recognizance bond in this cause on the 22nd day of August 1948, the same being in Vacation, before the September term 1948 of this court.

"That he has stood without trial for a period embracing more than three (3) terms of court not including the vacation period at which the bond was first taken.

"That no continuance has been had on the motion of this defendant.

"That no delay has been caused by the act of this defendant.

"Wherefore, defendant moves the court that he be discharged and his bondsmen released."

The court then took the motion under advisement until May 18, 1949. On May 9, 1949 the State moved that the sheriff's approval of appellant's recognizance bond be set aside. This motion of the state was overruled by the court May 14, 1949. On May 19, 1949, the court overruled appellant's motion to dismiss the cause because of the delay in bringing the cause to trial, the record shows that the sufficiency of the motion was not questioned by demurrer or otherwise. It merely shows that the court heard argument, and then overruled the motion.

The statute under which the motion to dismiss the cause was filed has been in force since 1881. See R. S. 1881, §1783; Acts 1881, Ch. 36, p. 114, §208, p. 154. It was reenacted in the recodification Act of 1905 and is as follows:

"No person shall be held by recognizance to answer an indictment or affidavit without trial for a period embracing more than three [3] terms of court, not including the term at which a recognizance was first taken thereon, if taken in term

time; but he shall be discharged unless a continuance be had upon his own motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and, in the latter case, if he be not brought to trial at such third term, he shall be discharged, except as provided in the next section." §9-1403, Burns' 1942 Replacement.

The terms of the Vigo Circuit Court begin on the first Monday of September, fourth Monday of November, second Monday of February and first Monday of May, and the terms continue for ten weeks if the business of the court shall require. §4-332, Burns' 1946 Replacement.

After appellant gave his recognizance bond to the approval of the proper officer, the state and the court, without any motion for delay by appellant and without any delaying tactics on his part, allowed the entire September 1948 term, the entire November 1948 term, the entire February 1949 term to pass and expire before making any effort to bring appellant to trial. As before noted appellant filed his motion to dismiss because of delay in bringing him to trial at the May term 1949 of the court.

■ It has been said that:

"The above provisions of the statute must be strictly construed in favor of the liberty of citizens placed under arrest."

Ewbank's Indiana Criminal Law (2d Ed.) §437, p. 288; *State* v. *Kuhn* (1900), 154 Ind. 450, 452, 57 N. E. 106; *State ex rel.* v. *Ellis* (1916), 184 Ind. 307, 320, 112 N. E. 98.

The statute is a practical implementation of ■ the Indiana Constitution providing as follows:

"All courts shall be open; and every man, for injury done to him in his person, property or repu-

tation, shall have remedy by due course of law. Justice shall be administered freely and without purchase; completely and without denial; *speedily and without delay.*" (My italics).

Art. 1, §12, Indiana Constitution; *McGuire* v. *Wallace* (1887), 109 Ind. 284, 287, 10 N. E. 111; *State* v. *Kuhn* (1900), 154 Ind. 450, 453, *supra; State* v. *Beckwith* (1944), 222 Ind. 618, 626, 57 N. E. 2d 193. See also Art. 1, §13, Indiana Constitution of 1816. Revised Statutes 1843, p. 43.

The state has in no way questioned the sufficiency of the allegations of fact in appellant's motion to dismiss the action. An examination of the motion indicates that it contains all the averments essential to bring appellant clearly within the statute upon which the motion is based. It is in all things agreeable with the intrinsic record in the case which, of course, was before the trial court and is before this court. No facts other than its own intrinsic record was before the trial court. The trial court heard arguments as to the legal effects of the facts contained in the intrinsic record and in the motion when the law as contained in the statute quoted (§9-1403, Burns' 1942 Replacement) is applied thereto, and upon such consideration overruled the motion.

It is the contention of the state that appellant contributed to the delay of which he complains, by filing his motion to quash the affidavit against him. This raises a question whether or not a motion to quash an indictment or information is a dilatory motion? The state cites three cases which it contends clearly shows that this act of appellant contributed to the delay of his trial. These cases are: (1) *State* v. *Mabrey* (1927), 199 Ind. 276, 157 N. E. 97. In this case the defendant was charged with the delay occasioned by a motion for change of venue from the county. It is a matter of

common knowledge that such motions frequently are filed, for the purpose of delay. There is no similarity between this motion and a motion to quash. (2) *Weer et al.* v. *State* (1941), 219 Ind. 217, 36 N. E. 2d 787, 37 N. E. 2d 537. In this case the defendants were properly charged with the delay occasioned by the filing and determination of pleas in abatements which are always considered dilatory pleas, and also delays caused by a change of venue taken by a defendant. 1 Am. Jur., Abatement and Revival §2, p. 19; 1 C. J. S., Abatement and Revival, §1 (b), p. 27; *Morningstar* v. *Cunningham et al.* (1886), 110 Ind. 328, 330, 11 N. E. 593. There is no similarity between these pleas and the motion to quash. (3) *State* v. *Beckwith* (1944), 222 Ind. 618, *supra*. In this case the motion to dismiss was resisted by the prosecuting attorney who "objected to the court's ruling on said motions to discharge without first hearing evidence thereon." It was upon this objection, timely made by the state, that the opinion turns and rests. In the instant case no such objection was ever made. On the contrary, appellant and the state relied upon the court's intrinsic record solely.

Of course, a court takes judicial notice of its own record in a pending case and it is not necessary to prove a thing of which the court takes judicial notice. *State* v. *Simpson* (1906), 166 Ind. 211, 215, 76 N. E. 544, 1005; *Kelly* v. *State* (1947), 225 Ind. 577, 75 N. E. 2d 537, 78 N. E. 2d 666; *Taggart* v. *Keebler* (1926), 198 Ind. 633, 642, 154 N. E. 485. *Hancock* v. *Diamond Plate Glass Co.* (1905), 37 Ind. App. 351, 361, 75 N. E. 659; *State* v. *Beckwith* (1944), 222 Ind. 618, 628, *supra; Pennsylvania R. Co.* v. *Hough* (1928), 88 Ind. App. 601, 609, 161 N. E. 705.

The motion to quash the indictment or affidavit is a pleading provided by statute (Sec. 9-1129, Burns' 1942

Replacement) to test the legal sufficiency and the regularity of the filing of the charge against a defendant. In a criminal case it performs the same function that a demurrer performs in a civil case. *Scott* v. *State* (1911), 176 Ind. 382, 383, 96 N. E. 125. It is only when such questions are presented by a motion to quash, or in certain instances by a motion in arrest, that the rights of the state can be protected from a plea of former jeopardy should the case later be brought to trial. *State* v. *Beach* (1897), 147 Ind. 74, 77, 43 N. E. 949, 46 N. E. 145, 36 L. R. A. 179. The motion to quash when sustained ends the prosecution under the pending affidavit or indictment though the prosecution may be refiled by following Section 9-1130, Burns' 1942 Replacement. Such a motion is in no sense a dilatory or delaying motion for proceeding on the part of a defendant. It is an essential part of the procedural law of the state in criminal cases, and its filing by the defendant may reasonably be anticipated by the state when a criminal charge is filed.

In this case there is no contention that the motion was denied for the reason that the court believed there was evidence for the state which could not then be had and that it could be had for the next term. So no question is presented under §9-1404, Burns' 1942 Replacement. There is nothing indicating there was not ample time during the ten weeks February term 1949 to try appellant's case.

The statute, §9-1403, Burns' 1942 Replacement, *supra,* is a limitation upon the right of the state to hold a person by recognizance to answer a criminal charge. Being a practical implementation of Art. 1, §12 of the Indiana Constitution, it casts no burden upon the defendant, but does cast an imperative duty upon the state and its officers, the trial

courts and prosecuting attorneys, to see that a defendant held on recognizance is brought to trial agreeable with this section of the constitution and its implementing statute. It is not a fault of the defendant if he remain silent while under recognizance, on the contrary, that is his right. He is not required to make any demand of the state or the court for a speedy trial. That demand is effectively made for him by the constitution and its implementing statute, and this demand thus made the state may not ignore without incurring the penalty provided by the statute. A contrary statement made by this court in *Chelf* v. *State* (1944), 223 Ind. 70, 58 N. E. 2d 353 is hereby overruled.

Since the enactment of the statute upon which the motion to dismiss is based, it cannot be said that courts have no definite rule by which to determine what is an unlawful delay in bringing a defendant to trial, who is held under recognizance bail. Neither is it possible for trial courts to balance the interests of organized society "that an offender against its laws shall not go free and those of the individual that his trial shall not be delayed." The statute is constitutional and it is binding upon the state, the defendant and the courts. No court has jurisdiction to amend or disregard either the constitution or its implementing statute, nor can a court exercise a judicial discretion exceeding the limitations thereby imposed. To the extent *State* v. *Beckwith* (1944), 222 Ind. 618, *supra,* is in conflict with this opinion it is disapproved.

Subsequent to the date of the erroneous ruling noted, on June 1, 1949, appellant filed his motion for a change of venue of the cause from Vigo County which motion was sustained on June 6, 1949. On June 7, 1949, Parke County was selected as the county to which

the venue should be changed and the cause was thereafter properly transferred to the Parke Circuit Court, where upon trial by the court appellant was found guilty on each count of the affidavit, and sentenced to the Indiana State Prison for not less than one nor more than five years on each count. Thereafter, appellant filed his motion for new trial, which was overruled, and this appeal was taken.

Thirty-four alleged errors are assigned, but since the cause must be reversed for the reasons heretofore stated we shall not discuss the other causes.

For the reasons given the judgment is reversed with instructions to the trial court to sustain appellant's motion to dismiss the action.

NOTE.—Reported in 102 N. E. 2d 203.