NEBRASKA BRIDGE SUPPLY & LUMBER CO. v. JEFFERY.

(Circuit Court of Appeals, Eighth Circuit.    April 26, 1909.)

No. 2,832.

NEGLIGENCE (§ 121*)—RES IPSA LOQUITUR—REBUTTAL.

> Plaintiff, a railroad lumber inspector, was inspecting piling being loaded by defendant contractor onto flat cars by means of skids and a rope, one end of which was hitched to a horse or team.  The rope, which was seven-eighths of an inch in diameter and had only been used once before to secure a raft of logs in the river, broke, causing a piece of piling to roll back rapidly to the ground and injure plaintiff, who was standing near the center of the pile of timbers on the ground, before he could escape.  Defendant's evidence showed that the rope was purchased but a short time before, that it was a good rope, had been inspected at the time it was purchased, and that its size was amply sufficient for the purpose, the cause of the break not being shown.  *Held* that, even if the doctrine res ipsa loquitur applied, defendant's evidence tended to rebut any presumption of negligence raised thereby to warrant the submission of such question to the jury, and it was therefore error to charge that from the mere fact that the rope broke and the accident happened defendant was negligent in not providing a safe rope.

> [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 218; Dec. Dig. § 121.*]

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

For opinion below, see 157 Fed. 932.

Charles C. Collins (G. Otis Bogle and Thomas & Lee, on the brief), for plaintiff in error.

G. L. Grant and W. A. Oldfield (R. E. Jeffery and Charles F. Cole, on the brief), for defendant in error.

Before SANBORN and ADAMS. Circuit Judges, and RINER, District Judge

RINER, District Judge.  This is a writ of error to the Circuit Court for the Eastern District of Arkansas.  The action was brought in the state court and removed to the Circuit Court by the plaintiff in error, hereafter called the "Bridge Company," where a trial was had resulting in a verdict for the defendant in error, hereafter called the "plaintiff."

The record discloses the following facts: That in July, 1907, the Bridge Company had a contract with the St. Louis, Iron Mountain & Southern Railway Company to deliver to the Railroad Company at Cotter, Ark., and other points along its line of railroad, certain piling and other timber; that on the 17th of July, 1907, the Bridge Company was loading piling on the cars at Cotter, Ark.; that the plaintiff was in the employ of the railroad company as a lumber inspector, and was, by direction of his employer, at Cotter, on the day above mentioned, for the purpose of inspecting the piling then being loaded on a flat car by the Bridge Company; but the piling was loaded by means of a rope and skids; that the skids extended from the ground to the platform of the car, one end of the rope being fastened to a stake in

the side of the car opposite the place where the pilings were located on the ground; the rope was then passed around the piling desired to be loaded, the loose end of the rope passed back over the car, a horse or team hitched thereto, and then started, and by this means the pile was rolled up these skids onto the car; that, as the piece of piling was being rolled up on the skids, there was a man stationed at either end for the purpose of keeping it straight; that when the car was about one-half loaded, and when a piece of piling was partway up on the skids, the rope, which was seven-eighths of an inch in diameter, broke, causing the piece of piling to roll back rapidly to the ground; that there were a number of these piling timbers at the place where this loading was going on at the time the rope broke, causing the piece of timber on the skids to roll back, and plaintiff was standing on the pile of timbers then on the ground and near the center thereof; that the timbers were 18, 16, and 14 feet in length; that back of the pile of logs upon which plaintiff was standing was a mud hole 6 or 7 feet wide, and for that reason plaintiff claimed that he was obliged to go upon the timbers for the purpose of inspecting them; that the instant the rope broke some one called out, "Look out!" that the plaintiff attempted to get out of the way, but before he could do so was caught by the log and his heel and ankle injured.

There is some evidence in the record tending to show that Mr. Wolf, who had charge of loading these pilings on the car for the Bridge Company, cautioned the men, in the presence of Mr. Jeffery, to be on the lookout, as there was danger of a skid slipping or something happening by which they might be injured.

The evidence offers no explanation of the cause of the parting of the rope. It does show, however, that the rope had been recently purchased, and had only been used on one occasion prior to this time, and then for the purpose of securing a raft of logs in the river; that it was a manila rope, and at the time it was purchased was carefully inspected; that it was of the size usual for the purpose for which it was then used, and was apparently in good condition.

The court gave the jury the following instruction:

"Now the rope which was used for the purpose of hauling those logs, and which caused the accident, broke; there is no evidence here to show what caused the rope to break; there is no evidence here to show that the rope was defective, or that would justify the jury in finding from the evidence itself that the defendant is guilty of negligence; but in view of the position occupied by the defendant in this case, the court charges you as a matter of law that, when the rope broke and caused the accident, the law presumes, in the absence of any other evidence, that the defendant must have been guilty of negligence in using such rope, until by competent evidence introduced on the part of the defendant that presumption has been rebutted.

"Now in this case there was no such proof. It is true the defendant's main witness testified that the rope he was using had only been purchased a short time before, in May; that it was a good rope, because he inspected it at the time he bought it; that it is a three-quarter inch rope, and that frequently they use a half-inch rope; that, from the time he had purchased it until it was used in loading these logs at the time of the accident, it had only been used 24 hours. Before it had been used on that day there is no evidence that the defendant inspected it, to be sure that it was not defective. Now we all know that a rope may be perfect to-day, but to-morrow it might be defective. For that reason, the rule of law is that a person, before he uses anything that

might be the cause of great injury, should have made an inspection of it before using it. Therefore the court charges you that the mere fact that the accident happened, the defendant was guilty of negligence in not providing a safe rope."

It was doubtless the view of the Circuit Court that the maxim res ipsa loquitur was applicable to an accident of the character disclosed by the evidence, and that, in the absence of explanation by the defendant as to the cause of the rope breaking, the inference of negligence was conclusive under the circumstances. To this view we are unable to assent. Even if it be conceded that from the mere fact of the rope breaking it was competent for the jury to infer, as a proposition of fact, that there was some negligence on the part of the defendant, it ought not to have the weight of a conclusive presumption either of law or fact, so as to compel the defendant, in order to avoid liability, to prove affirmatively that it was guilty of no negligence and that the accident was unavoidable. At most, the question of negligence should have been left to the jury to determine upon the evidence actually introduced.

If it be admitted that the maxim res ipsa loquitur is not, and should not be, confined to cases of contractual relations, the admission does not help the plaintiff's case, for that doctrine is based upon the general consideration that, where the management and control of the instrumentality which occasioned the injury are in the defendant, it is within defendant's power to produce evidence of the actual cause of the accident which the plaintiff may be unable to produce.

"Its application," as was said by the New York Court of Appeals, in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, "presents principally the question of the sufficiency of circumstantial evidence to establish, or to justify the jury in inferring, the existence of the traversable or principal fact in issue, the defendant's negligence." Graham v. Badger, 164 Mass. 42, 41 N. E. 61; Parrot v. Wells Fargo Co., 15 Wall. 524, 21 L. Ed. 206; Brown v. Kendall, 60 Mass. 292; Huff v. Austin, 46 Ohio St. 386, 21 N. E. 864, 15 Am. St. Rep. 613; Donnelly v. Granite Co., 90 Me. 110, 37 Atl. 874; Stearns v. Ontario Spinning Co., 184 Pa. 519, 39 Atl. 292, 39 L. R. A. 842, 63 Am. St. Rep. 807; Texas & Pac. Ry. Co. v. Barnett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136; Cryder v. C., R. I. & P. Ry. Co., 152 Fed. 417, 81 C. C. A. 559; I. C. R. R. Co. v. Coughlan, 132 Fed. 801, 65 C. C. A. 101.

We think there was sufficient evidence offered on behalf of the defendant tending to rebut any presumption of negligence on its part, to warrant the court in submitting that question to the jury, and that it committed error in declaring that from the mere fact that the rope broke and the accident happened the defendant was guilty of negligence in not providing a safe rope.

The view we have taken of this case renders it unnecessary to discuss the other assignments of error.

The judgment of the Circuit Court is reversed, with instructions to grant a new trial.