GEORGE J. FRANCEY, Respondent, *v.* THE RUTLAND RAILROAD COMPANY, Appellant.

Master and servant — negligence, contributory — res ipsa loquitur — when the rule does not apply to explosion of locomotive boiler by which the engineer was injured.

The plaintiff, who was employed by defendant as a locomotive engineer, was injured by an explosion while running a locomotive. After the accident an examination was made which disclosed its probable cause. One of the flues in the boiler had been forced out of its place in the flue sheet, thus leaving an opening through which boiling water and steam were admitted into the fire pot. Plaintiff had a judgment for a substantial amount, which was affirmed by the Appellate Division, and from such judgment defendant appeals to this court. The proof at the conclusion of the evidence was such that the jury might have found the accident was due to either one of two causes — negligence on the part of defendant in failing to keep the locomotive in repair, or negligence of the plaintiff in letting cold water into the boiler in the condition in which it was at the time the explosion took place. Before the plaintiff could recover, therefore, the burden was upon him to prove that the accident was due solely to the first cause. Hence this is not a proper case for the application of the rule *res ipsa loquitur*, and the court erred in instructing the jury that the burden of proof was cast upon defendant of explaining the cause of the explosion.

*Francey* v. *Rutland R. R. Co.*, 167 App. Div. 488, reversed.

(Argued January 24, 1918; decided February 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 2, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John M. Cantwell* and *E. W. Lawrence* for appellant. The maxim *res ipsa loquitur* is not applicable to an explosion which might have been caused either by a defect in the boiler or by plaintiff's improper management of it. (*Francey* v. *Rutland R. R. Co.*, 167 App. Div. 491; *Grant* v. *P. & N. Y. C. Co.*, 133 N. Y. 657; *Searles* v. *Manhattan Co.*, 101 N. Y. 661; *Taylor* v. *City of Yonkeas*, 105 N. Y. 202; *Reiss* v. *N. Y. S. Co.*, 128 N. Y. 107; *Cosulich* v. *Standard Oil Co.*, 122 N. Y. 118; *Dobbins* v. *Brown*, 119 N. Y. 188; *Goodhines* v. *Chase*, 100 App. Div. 92; *Klein* v. *Fraser*, 169 App. Div. 812; *Maher* v. *M. S. R. Co.*, 102 App. Div. 519.) The judge's charge as to the law was erroneous, and the exceptions taken by the defendant call for a reversal of the judgment. (*Cunningham* v. *Dady*, 191 N. Y. 152; *Kay* v. *M. S. Ry. Co.*, 163 N. Y. 447; *Huscher* v. *N. Y. Q. E. & P. Co.*, 158 App. Div. 422.)

*Robert M. Moore* and *B. W. Berry* for respondent. The doctrine of *res ipsa loquitur* is applicable to the case of an employee. (*Marceau* v. *Rutland R. R. Co.*, 211 N. Y. 203.)

McLAUGHLIN, J. The plaintiff was employed by defendant as a locomotive engineer and on the 25th of March, 1911, while running the locomotive was injured by an explosion. The fireman was also injured. After the accident an examination was made which disclosed its probable cause. One of the flues in the boiler had been forced out of its place in the flue sheet, thus leaving

an opening through which boiling water and steam were admitted into the fire pot. This action was subsequently brought, as was one by the fireman, to recover damages for the injuries sustained. The action brought by the fireman was first tried and resulted in a judgment in his favor, which was affirmed by the Appellate Division (*Marceau* v. *Rutland R. R. Co.*, 153 App. Div. 931) and on appeal to this court also affirmed (211 N. Y. 203). The present action was then brought to trial and plaintiff had a judgment for a substantial amount, which was affirmed by the Appellate Division, one of the justices dissenting, and from such judgment defendant appeals to this court.

The action was tried and submitted to the jury on an erroneous theory as to the application of the rule of *res ipsa loquitur*. It is not a complicated rule, nor is there difficulty in applying it in a given case, when the reason for its adoption is understood. The phrase usually employed to express the rule, *res ipsa loquitur* — the thing speaks for itself — may at times tend to obscure rather than to make clear what the rule means. All that is meant is that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of any other evidence bearing upon the subject, the inference that the accident was due to the negligence of the one having possession or control of the article or thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that unless an explanation be given the only fair and reasonable conclusion is that the accident was due to some omission of defendant's duty. The rule is tersely stated by Judge Danforth in *Breen* v. *N. Y. C. & H. R. R. R. Co.* (109 N. Y. 297, 300) as follows: " When the thing causing the injury is shown to be under the control of a defendant,

and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part." This statement was quoted with approval in the opinion in *Griffen* v. *Manice* (166 N. Y. 188) and also in the *Marceau* case. Judge WERNER, who delivered the opinion in the latter case, referring to the rule, said: " If the injured employee sues at common law and seeks to invoke the maxim, he must necessarily make proof of facts and circumstances which, under the common law, exclude every inference except that of the employer's negligence, * * *. And that the accident is one which, in the ordinary course of events, could not have happened if the employer had exercised the degree of care required of him by the common law. The same rule applies, in a modified degree, where the employee sues under the Employers' Liability Act * * *. Although this accident was of an unusual character, it will be assumed for the purposes of this discussion that it was not such an occurrence as would, in and of itself, justify the application of the maxim *res ipsa loquitur*, for the engine was then in the custody and control of the plaintiff and his engineer. The mere happening of the accident did not necessarily exclude the inference that it might have been caused by the negligence of the plaintiff, or without any negligence at all. It was, therefore, necessary for the plaintiff to supplement the proof of the accident with evidence tending to show that it resulted from the failure of the defendant to exercise ordinary care, either in the selection of the engine or in keeping it in reasonably safe repair." (p. 209.)

In the present case the proof at the conclusion of the evidence was such that the jury might have found the accident was due to either one of two causes — negli-

gence on the part of defendant in failing to keep the locomotive in repair, or to the negligence of the plaintiff in letting cold water into the boiler in the condition in which it was at the time the explosion took place. Before the plaintiff could recover, therefore, the burden was upon him to prove that the accident was due solely to the first cause. If it were just as probable that the explosion was due to one cause as the other, then he necessarily must fail in the action. (*Grant* v. *Pennsylvania & N. Y. C. & R. R. Co.*, 133 N. Y. 657; *Searles* v. *Manhattan Ry. Co.*, 101 N. Y. 661; *Ruback* v. *McCleary, Wallin & Crouse*, 220 N. Y. 188.) In other words, the burden of establishing that his injuries were received through the negligence of the defendant rested upon him at the beginning of the trial and there remained until the end of it. The rule of *res ipsa loquitur* did not shift this burden of proof. It was for the plaintiff to show that the accident was due to defendant's negligence and not for defendant to show it was free from negligence. The plaintiff, as before indicated, was in control of the engine and the proof was such that the jury could have found that the accident was due to one of two causes — the defective condition of the engine or the act of the plaintiff in letting cold water into the boiler.

This being the character of the proof when the case was finally submitted to the jury, I am of the opinion the court erred in instructing it as to the burden of proof. During the course of the charge the learned judge said: "The burden is with the defendant to establish to your satisfaction that something which the plaintiff himself did in regard to that engine caused the explosion. * * * But in determining whether or not he was negligent the burden of proof in this case is cast upon the defendant. * * * This situation casts upon the defendant the burden of explaining the cause of such explosion. * * * If you reach the conclusion that something

else caused the accident and that the leaky tube was not a sufficient cause, it is the duty of the defendant to explain what that cause, was and in the absence of such explanation you could find the defendant guilty of negligence."

The exceptions to the charge as thus made were, I think, well taken, and for that reason the judgment appealed from should be reversed and a new trial ordered, with costs to abide event.

HISCOCK, Ch. J., CHASE, POUND and ANDREWS, JJ., concur; HOGAN and CARDOZO, JJ., dissent on ground that the error, if any, should be disregarded under section 1317 of the Code of Civil Procedure.

Judgment reversed, etc.