BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY v. HILL, ADMINISTRATOR.

[No. 12,302. Filed June 25, 1925. Rehearing denied October 15, 1925. Transfer denied April 2, 1926.]

1. PLEADING.—Overruling a motion to make a pleading more specific is not reversible error in the absence of a showing that the complaining party was injured thereby. p. 358.

2. NEGLIGENCE.—Pleading negligence when rule of res ipsa loquitur is applicable.—When the rule of res ipsa loquitur applies, the plaintiff is not required to state the facts showing the negligence of the defendant with the same particularity which is required in ordinary cases. p. 359.

3. APPEAL.—Overruling a demurrer is not such error as requires the reversal of the judgment where the record shows a fair trial on the merits.—Under the provisions of §368 Burns 1926, §350 Burns 1914, the action of the court in overruling a demurrer is not sufficient to reverse the judgment where it appears from the whole record that the cause was fairly tried on the merits. p. 359.

4. MASTER AND SERVANT.—Complaint for death of fireman on interstate train in derailment accident held sufficient on de-

Baltimore, etc., R. Co. v. Hill, Admr.—84 Ind. App. 354.

*murrer.*—A complaint for the death of a fireman on an interstate train when the locomotive left the track, *held* to allege sufficient facts to invoke the doctrine of *res ipsa loquitur* so that there was no error in overruling a demurrer thereto. p. 359.

5. APPEAL.—*Record held to show overruling, of railroad company's demurrer to complaint although order overruling, demurrer omitted word "Southwestern" from its name.*—In an action against the Baltimore and Ohio Southwestern Railroad Company and another, the record was *held* to show sufficiently that the railroad company's demurrer to the complaint was overruled although the order overruling the demurrer and granting an exception omitted the word "Southwestern" from its name. p. 360.

6. VENUE.—*Failure of clerk to certify, that papers with transcript on change of venue were the originals and that copies in transcript were true and correct copies would not require their return to clerk for correction of certificate.*—The failure of the clerk to certify that the pleadings and other papers transmitted with the transcript on a change of venue were the originals filed in his office and that the copies thereof in the transcript were true and correct copies would not require the court to which the cause was sent to order their return to the clerk for correction of his certificate. p. 361.

7. MASTER AND SERVANT.—*Doctrine of res ipsa loquitur is applicable to action by, servant against his master when fellow-servant rule has been abolished.*—The doctrine of *res ipsa loquitur* is applicable to actions by a servant against his master for personal injuries received in the employment when the fellow-servant rule has been abolished. p. 369.

8. MASTER AND SERVANT.—*Under federal Employers' Liability, Act, an employee in interstate commerce does not assume the risk of an accident caused by, the negligence of his employer or a fellow servant.*—Since the enactment of the federal Employers' Liability Act, an employee in interstate commerce does not assume the risk of an accident caused by the negligence of an employer or a fellow servant. p. 369.

9. NEGLIGENCE.—*Doctrine of "res ipsa loquitur" stated.*—Negligence is never presumed as a matter of law from the happening of an accident, but the happening of an accident, plus the attending circumstances, may be sufficient from which negligence may be inferred, in which case, the maxim *"res ipsa loquitur"* requires the defendant to explain the cause of the accident if he desires to escape from the inference of negligence. p. 371.

10. MASTER AND SERVANT.—*Rule of res ipsa loquitur held applicable in action for death of fireman on interstate train under the federal Employers' Liability Act.*—In an action under the federal Employers' Liability Act (§§8657-8665 U. S. Comp. Stat. 1918) for the death of a fireman on an interstate train, killed when the locomotive left the track and wrecked the train, the doctrine of *res ipsa loquitur* was applicable, and required the defendant to explain the cause of the accident if it desired to escape the inference of negligence arising from the circumstances.  p. 372.

11. DEATH.—*Verdict for $17,500 for death of locomotive fireman on interstate train held not excessive in action under federal Employers' Liability Act.*—A verdict for $17,500 for the death of a locomotive fireman, who was thirty-six years old, steady in his habits, and earning from $200 to $250 a month, and in line for promotion, in an action under the federal Employers' Liability Act, was not excessive.  p. 372.

12. APPEAL.—A party cannot complain that the trial court did not define the terms used in its instructions unless he has prepared and tendered an instruction defining such terms and ask that such instruction be given.  p. 373.

From Lawrence Circuit Court; *James A. Cox,* Judge.

Action by Sherman D. Hill as administrator of the estate of Thomas J. Hill against the Baltimore and Ohio Southwestern Railroad Company and James C. Davis, Director General of Railroads, Agent.  From a judgment against it, the railroad company appeals.  *Affirmed.*  By the court in banc.

*McMullen & McMullen, M. R. Waite, W. A. Eggers* and *Robert N. Palmer,* for appellant.

*Oscar B. Abel* and *Oren O. Swails,* for appellee.

McMAHAN, J.—This action was commenced in the Jackson Circuit Court by Sherman D. Hill as administrator of the estate of Thomas J. Hill, against appellant and James C. Davis, Director General of Railroads, Agent.  The action against the last named defendant was disposed of on demurrer, after which, on motion of appellant, the cause was venued to Lawrence county,

where it was tried by a jury, resulting in a verdict and judgment for $17,500 against appellant.

The complaint, omitting the formal parts, alleges, in substance, that on and prior to June 8, 1921, Thomas J. Hill was employed by the defendant as a fireman on a locomotive used in drawing a freight train in interstate commerce, the train being known as first No. 90, and the engine No. 2825. That on said day, said engine, and the machinery and the parts thereof, and the appliances, roadbed, and track of the defendant where the injury occurred were defective, due to the negligence of defendant. That said engine did not have the independent brake valve securely attached to the bracket, and that the flange on the left engine truck was bent and badly worn and defective; that the flanges and the wheels on said engine were badly worn and bent and defective, thereby rendering them insufficient to keep and hold said engine on the track when said engine was in motion; that what is known as the "main pin" was defective, in that, it was not of proper size and texture and smoothness and did not fit properly in the machinery in which it worked, thereby causing said pin to run hot when said engine was in motion; that the switch, frog and track where said injury occurred were badly worn; that the lower bowl and connecting rod of said switch were broken; that the rods and appliances that attached and fastened the said engine to the engine truck were rusted, cracked, improperly adjusted and defective, and that said engine, track and appliances were at said time defective and insufficient in divers other parts and ways which plaintiff cannot set forth and describe in detail for the reason that said engine and appliances have been continually in the possession of the defendant and not subject to the inspection of plaintiff. It also alleges that all of said defects were due to the negli-

gence of defendant and that all of said defects existed on June 8, 1921, and for more than six days prior thereto, and were all known by defendant in ample time to have been repaired and corrected before June 8, 1921, or could have been known by defendant by the use of reasonable care and diligence in time to have been repaired before said date. That on June 8, 1921, while said decedent was employed as aforesaid on said engine No. 2825 and while said engine, together with engine No. 2849, was pulling said interstate train eastward on the track of defendant at Medora, Indiana, and because of the defects and negligence of defendant herein set forth, said engine No. 2825 suddenly broke down, left the track and turned over, thereby and by reason thereof injuring said Thomas J. Hill, and as a result of said injury, he instantly died, and that said injury and death occurred without any negligence of said decedent.

Appellant contends that the court erred: (1) In overruling its motion to make the complaint more specific; (2) in overruling its demurrer to the complaint; (3) in overruling its motion to have the transcript and papers in the cause returned to the Jackson Circuit Court from whence the cause came on change of venue, and (4) in overruling its motion for a new trial.

It is not necessary for us to cite any authorities to support the proposition that in the instant case the overruling of the motion to make more specific was not reversible error. In fact, the complaint is more specific than the circumstances required. There is no showing or claim that appellant was harmed by the overruling of this motion.

In support of the contention that the court erred in overruling the demurrer to the complaint, appellant says the defects enumerated in the complaint are not connected by proper allegations of facts with each other; that the complaint fails to show negligence on the part

Baltimore, etc., R. Co. *v.* Hill, Admr.—84 Ind. App. 354.

of defendant, i. e., the omission of any duty; that the complaint fails to show that any defect or group of defects caused the death of appellee's decedent and that it fails to show that the decedent did not assume the risk.

Appellant lays much stress upon the fact that counsel for appellee admit that neither they nor appellee know what caused the wreck, and says: "This unique

2. or rather astounding confession explains the lack of theory in the complaint, but does not excuse the action of the court in letting them guess as to the cause." In this connection, let us suggest that there are cases wherein the particular facts and causal circumstances are obscure and where necessarily much is left to inference. In such cases, the rule of evidence, *res ipsa loquitur,* ought to and in fact does have its concomitant rule of pleading. While a complaint should state the facts with a reasonable degree of certainty, what constitutes a reasonable degree of certainty must depend upon the circumstances and the nature of the case. And where the rule *res ipsa loquitur* is applicable, reason does not require the plaintiff to state the facts with that degree of particularity which would be required in ordinary cases. Indeed, in such a case, an attempt to specify the remote grounds of negligence would be mere guesswork on the part of the plaintiff. *Kaemmerling* v. *Athletic Mining, etc., Co.* (1924), 2 Fed. (2d) 574. See, also, concurring opinion of Judge Amidon in that case.

It is also to be remembered that there has been a trial upon the merits, and that §368 Burns 1926, §350 Burns

3, 4. 1914, §345 R. S. 1881, provides that no objection taken by demurrer and overruled shall be sufficient to reverse the judgment, if it appears from the whole record that the cause was fairly tried on its merits. The complaint, however, in our judgment, alleges sufficient facts, and the evidence also shows

facts sufficient, as we shall hereafter show, to make the maxim *"res ipsa loquitur"* applicable.   There was no error in overruling the demurrer to the complaint.

The demurrer of Davis, Director General of Railroads, Agent, was sustained, after which, appellant filed its motion for a change of venue, and on this motion, the cause was sent to the Lawrence Circuit Court for trial.   After the transcript had been filed in the office of the clerk of the latter court, appellant filed a motion asking that the transcript be returned to the clerk of the Jackson Circuit Court with directions to make certain corrections, all of which were technical and none of which affected appellant's rights or prevented it from having a fair and impartial trial.   The record discloses that appellant filed its demurrer to the complaint while the cause was pending in Jackson county.   The order overruling this demurrer and granting an exception reads as follows:   "The court also overrules the demurrer of the defendant, the Baltimore and Ohio Railroad Company, to which ruling of the court the defendant, the Baltimore and Ohio Railroad Company at the time excepts."   Appellant, acting upon the theory that the omission of the word "Southwestern" after the word "Ohio" in the name of the defendant named in the order overruling the demurrer, was not sufficient to show that the court had ruled on its demurrer, and after the transcript had been filed in the circuit court of Lawrence county, asked that court to rule on the demurrer theretofore filed.   The court presumably acting upon the theory that the record sufficiently showed the Jackson Circuit Court had overruled this demurrer and given appellant an exception, refused to rule on the demurrer.   We hold that the record sufficiently shows that appellant's demurrer to the complaint was overruled and that it reserved an exception to such ruling.

Appellant in this connection also contends that the clerk of the Jackson Circuit Court did not properly certify and identify the transcript and papers in 6. the cause, when the cause was sent to Lawrence county on change of venue. While the clerk of the Jackson Circuit Court did not certify that the complaint and papers set out in the transcript were true and correct copies of the originals or that the papers transmitted with the transcript were the originals filed in his office, there is no claim that the papers copied in the transcript were not exact copies of the originals, or that appellant was harmed in anywise. The court did not err in refusing to send the transcript back to Jackson county.

Did the court err in overruling appellant's motion for a new trial? Appellant says: "There is no evidence as to cause of wreck, negligence of the defendant, negligence of company being the proximate cause of accident, whether decedent assumed risk or whether wreck was other than purely accidental."

Appellant, in its brief, assumes that the maxim *"res ipsa loquitur"* is not applicable to the facts in this case. On the oral argument, when asked by the court as to whether this maxim was applicable, counsel for appellant replied that it was not, and has since cited *New York, etc., R. Co.* v. *Biermacher* (1924), 110 Ohio St. 173, 143 N. E. 570, in support of that contention. The case cited is directly in point and does sustain appellant's contention. Our judgment, however, is that the court in that case misconstrued the federal decisions, and fell into the error of assuming that the United States Supreme Court had held the maxim was not applicable in cases between master and servant arising under the federal Employers' Liability Act (§§8657-8665 U. S. Comp. Stat. 1918).

In *Baltimore, etc., R. Co.* v. *Kast* (1924), 299 Fed. 419,

a servant engaged in interstate commerce, being injured, brought suit under the federal Employers' Liability Act. With the Biermacher case before it, the court held the maxim applicable, saying: "While the mere fact of the accident itself, without more, would not justify the application of the doctrine of res ipsa loquitur, this rule, properly understood as a rule of circumstantial evidence, is none the less applicable as between employer and employe. As stated in *Byers* v. *Carnegie Steel Co.,* 159 Fed. 347, 86 C. C. A. 347 (C. C. A. 6) : 'But there is no hard and fast rule that the doctrine of res ipsa loquitur can in no case be applicable in a suit by an employe against an employer for negligent injuries. On the contrary, the rule referred to has been applied in numerous cases of that nature; the applicability of the rule being determined by the circumstances under which the accident is shown to have happened.' In *Central R. Co. of N. J.* v. *Peluso,* 286 Fed. 661 (C. C. A. 2), this subject has been recently fully considered, the decisions of the Supreme Court reviewed, and the same conclusions reached. A petition for certiorari, based solely upon the contention that this decision was in conflict with *New Orleans & N. E. R. R. Co.* v. *Harris,* 247 U. S. 367, 38 Sup. Ct. 535, 62 L. Ed. 1167, was denied, 261 U. S. 613, 43 Sup. Ct. 359, 67 L. Ed. 827," attention being called to *New York, etc., R. Co.* v. *Biermacher, supra,* where the opposite had been held.

In *Central R. Co.* v. *Peluso* (1923), 286 Fed. 661, the court, quoting from *Francey* v. *Rutland R. Co.* (1918), 222 N. Y. 482, 119 N. E. 86, said: "The action was tried and submitted to the jury on an erroneous theory as to the application of the rule of res ipsa loquitur. It is not a complicated rule, nor is there difficulty in applying it in a given case, when the reason for its adoption is understood. The phrase employed to express the rule, res ipsa loquitur—the thing speaks for itself—may

at times tend to obscure rather than to make clear what the rule means. All that is meant is that the circumstances involved in or connected with an accident are of such an unusual character as to justify, in the absence of any other evidence bearing upon the subject, the inference that the accident was due to the negligence of the one having possession or control of the article or thing which caused the injury. This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that unless an explanation be given, the only fair and reasonable conclusion is that the accident was due to some omission of defendant's duty." And, after reviewing the decisions of the Supreme Court of the United States, the court continuing said: "From the foregoing we think * * * the Supreme Court has left unimpaired the doctrine of res ipsa loquitur as between employer and employee where the circumstances are such as to warrant the application of that doctrine in the sense of the definition in the Francey and other cases cited, *supra*." And, as stated in *Baltimore, etc., R. Co.* v. *Kast, supra,* a petition for *certiorari* based upon the contention that this decision was in conflict with a former decision of the Supreme Court was denied. See *Marceau* v. *Rutland R. Co.* (1914), 211 N. Y. 203, 105 N. E. 206, 51 L. R. A. (N. S.) 1221, Ann. Cas. 1915C 516, a companion case to *Francey* v. *Rutland R. Co., supra.*

The latest federal case where the maxim is applied in an action between a servant and master is *Kaemmerling* v. *Athletic Mining, etc., Co., supra.* This is a well-considered case and we shall quote quite liberally therefrom. In the course of the opinion, the court said: "The rule res ipsa loquitur, it must be understood, does not imply that 'the mere happening of the accident' either raises a presumption of negligence against the

defendant, or shifts the burden of proof from the plaintiff. The application of the rule referred to simply means that the occurrence with its accompanying circumstances is such as to warrant an inference that it was the result of causal negligence. The Supreme Court of the United States, in *Sweeney* v. *Erving*, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D 905, used this language: 'The rule of res ipsa loquitur does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether. the defendant introduces evidence or not, the plaintiff in the case will not be entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a defect in the elevator, attributable to the defendant's negligence. The law attaches no special weight, as proof, to the fact of an accident, but simply holds it to be sufficient for the consideration of the jury, even in the absence of any additional evidence.

"The supreme court, in *Patton* v. *Texas and Pacific Railway Co.*, 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361, made these observations: 'First: While in the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier, a presumption which in the absence of some explanation or proof. to the contrary is. sufficient to sustain a verdict against him, for there is prima facie a breach of his contract to carry safely. (Citing cases.) A different rule obtains as to an employee. The fact of accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence. *Texas & Pacific Railway* v. *Barnett*, 166 U. S. 617. Second: That in the latter case it is not sufficient for the employee to show that the employer may have been guilty of negligence

—the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain and shows that one of a half dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes, and find that the negligence of the employer was the real cause, when there is no satifactory foundation in the testimony for that conclusion.'

"Judge Sanborn, in delivering the opinion of this court in *Northern Pacific Railway Co.* v. *Dixon,* 139 F. 737, 71 C. C. A. 555, very clearly states the reason for restricting the rule of res ipsa loquitur in cases between master and servant. We here quote Judge Sanborn's language: 'But the doctrine, "Res ipsa loquitur," is inapplicable to cases between master and servant brought to recover damages for negligence, because there are many possible causes of accidents during service, the risk of some of which, such as the negligence of fellow servants and the other ordinary dangers of the work, the servant assumes, while for the risk of others, such as the lack of ordinary care to construct or keep in repair the machinery or place of work, the master is responsible. The mere happening of an accident which injures a servant fails to indicate whether it resulted from one of the causes the risk of which is the servant's or from one of those the risk of which is the master's; and for this reason it raises no presumption that it was caused by the negligence of the latter. In such cases the burden of proof is always upon him who avers that the negligence of the master caused the accident to establish that fact, and a naked finding, as in this case, that the accident occurred and that the servant was guilty of no negligence which contributed to cause his injury, is insufficient to sustain this burden, for there are many other causes than the negligence

of the master and that of the servant, such as the negligence of fellow servants and latent and undiscoverable defects in place or machinery, which may have produced it.'

"The reason of the rule as stated by Judge Sanborn is given further illustration in a later decision of the Supreme Court in *Minneapolis & St. Louis R. R. Co.* v. *Gotschall,* 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995. That was a case brought under the federal Employers' Liability Act, the accident being caused by the opening of a coupler on one of the cars of defendant, resulting in an automatic setting- of the emergency brakes, which threw plaintiff from the train under the wheels. It was urged in that case that the doctrine of res ipsa loquitur did not apply between master and servant, and the contention supported by citing as authority *Patton* v. *Texas & Pacific Ry. Co., supra,* and *Looney* v. *Metropolitan R. R. Co.,* 200 U. S. 480, 26 S. Ct. 303, 50 L. Ed. 564. Mr. Chief Justice White delivering the opinion of the court said: 'We think the contention is without merit because, conceding in the fullest measure the correctness of the rule announced in the cases relied upon to the effect that negligence may not be inferred from the mere happening of an accident except under the most exceptional circumstances, we are of opinion such principle is here not controlling in view of the positive duty imposed by the statute upon the railroad to furnish safe appliances for the coupling of cars'—citing *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Taylor,* 210 U. S. 281, 28 S. Ct. 616, 52 L. Ed. 1061, and other cases. * * * So it will be seen that the inapplicability or rather restriction of the application of the rule *res ipsa loquitur* to cases of master and servant rests upon the principle that the servant by entering the employment of the master has assumed the risk of such employment, ordinarily including the negli-

gence of fellow servants. But we also see shown in the holding of the Supreme Court in the Gotschall Case, *supra*, when the assumption of risk is removed, the reason for the rule fails."

The court then proceeded to consider what risks a servant assumes, and, after quoting liberally from 20 Am. & Eng. Ency. of Law, (2d ed.) said: "From the foregoing it would appear—and the text is supported by a wilderness of authorities—that the servant does not assume the risk of hidden and unusual defects which in the exercise of ordinary care he could not discover. On the other hand the master is not liable for unforeseen accidents resulting from latent or hidden defects which he in the exercise of a degree of care commensurate with the business and situation could not discover. Now we have seen that ordinarily the negligence of a fellow servant is one of the risks which an employee assumes." The court, however, eliminated the fellow-servant rule because of the Arkansas statute referred to in the opinion.

When the accident and the attending circumstances are such as call for an explanation, the question is, upon whom rests the burden of going forward with the evidence to show the facts? Judge Amidon, in his concurring opinion in the Kaemmerling Case, says: "The great weight of authorities says that the master must produce that proof. If he makes out a prima facie case on those questions, it would then be the duty of the plaintiff to answer by countervailing evidence. What has just been said does not mean that plaintiff does not have the burden of proving the negligence of defendant. He makes out a prima facie case on that subject by the accident itself, and its attendant circumstances. It then becomes the duty of defendant, if there are exonerating facts, to produce evidence on those subjects. But when the whole evidence is in, the plaintiff is bound to

satisfy the jury by a preponderance of the evidence that his injury was caused by the negligence of defendant. It is important to get this feature of the case clear. The term 'burden of proof' has a double meaning.  (1) It means the duty of a party to establish the issue which he tenders in his pleading.  That burden rests upon him at the beginning of the case, and also at the end of the case.  (2) The term 'burden of proof' means the duty to go forward with evidence from time to time in the progress of the trial.  That burden constantly shifts, while the first burden never shifts.  This subject was first explained by James Bradley Thayer in his Preliminary Treatise on Evidence, at page 355.  It is also discussed by Wigmore, §2489 *et seq.*  It is best dealt with by Chamberlayne, beginning at section 936. This author makes the wise suggestion that the term 'burden of proof,' when it has the second meaning, should be called 'burden of evidence.'" See, also, *Ross* v. *Cotton Mills* (1905), 140 N. C. 115, 52 S. E. 121, 1 L. R. A. (N. S.) 298; *Trenton Passenger R. Co.* v. *Cooper* (1897), 60 N. J. Law 219, 37 Atl. 730, 38 L. R. A. 637, 64 Am. St. 592; *Boyd* v. *Portland Electric Co.* (1902), 41 Ore. 336, 68 Pac. 810; *Shaw* v. *Public Service Corporation* (1915), 168 N. C. 611, 84 S. E. 1010; *Griffin* v. *Boston & Albany R. Co.* (1888), 148 Mass. 143, 19 N. E. 166, 1 L. R. A. 698, 12 Am. St. 526; *San Juan Light Co.* v. *Requena* (1911), 224 U. S. 89, 38 Sup. Ct. 339, 56 L. Ed. 680; *Sweeney* v. *Erving* (1913), 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D 905; *Chenall* v. *Palmer Brick Co.* (1902), 117 Ga. 106, 43 S. E. 443.  The opinion in the case last cited is by Judge Lamar, afterwards Mr. Justice Lamar of the United States Supreme Court.

When the fellow-servant rule is abolished the doctrine of *res ipsa loquitur* may properly be applied in an

action between master and servant. *Iarussi* v.

7. *Missouri Pac. R. Co.* (1907), 155 Fed. 654; *Missouri Pac. R. Co.* v. *Iarussi* (1908), 161 Fed. 66, 88 C. C. A. 230; *American Car & Foundry Co.* v. *Barry* (1912), 195 Fed. 919, 115 C. C. A. 607; *Petrarca* v. *Quidnick Mfg. Co.* (1905), 27 R. I. 265, 61 Atl. 648; *Ross* v. *Cotton Mills, supra; Nebraska Bridge, etc., Co.* v. *Jeffery* (1912), 169 Fed. 609, 95 C. C. A. 137; *Lucid* v. *E. I. Dupont DeNemours Powder Co.* (1912), 199 Fed. 377, 118 C. C. A. 61, L. R. A. 1917E 182; *Byers* v. *Carnegie Steel Co.* (1908), 159 Fed. 347, 86 C. C. A. 347, 16 L. R. A. (N. S.) 214; *Central R. Co.* v. *Peluso, supra; Hunter* v. *Illinois Central R. Co.* (1911), 188 Fed. 645, 110 C. C. A. 459.

The Supreme Court of the United States in *San Juan Light Co.* v. *Requena, supra,* states the circumstances when the doctrine of *res ipsa loquitur* may be ap-

8. plied as follows: "When a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as in the ordinary course of things does not occur if the one having such control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care." And, as was said in *Hocking Valley R. Co.* v. *Whitaker* (1924), 299 Fed. 416, 419: "This action being under the federal Employers' Liability Act (Comp. St. §§8657-8665), an accident not caused by the negligence of the employer or a fellow servant is a risk incident to the employment and assumed by the employee." But an employee in interstate commerce does not, under that statute, assume the risk of an accident caused by the negligence of the employer or a fellow servant.

The Supreme Court of Massachusetts, speaking

through Judge Holmes, now Mr. Justice Holmes of the United States Supreme Court, applied the maxim in an action between master and servant and said: "We are of opinion that the instruction was correct. *Res ipsa loquitur*, which is merely a short way of saying that, so far as the court can see, the jury, from their experience as men of the world, may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that therefore there is a presumption of fact, in the absence of explanation or other evidence which the jury believe, that it happened in consequence of negligence in this case. Presumptions of fact, or those general propositions of experience which form the major premises of particular conclusions of this sort, usually are for the jury. The court ordinarily confines itself to considering whether it can say that there is no such presumption, or, in other words, that such accidents commonly are not due to negligence." *Graham* v. *Badger* (1895), 164 Mass. 42, 41 N. E. 61. See, also, *Houston* v. *Brush & Curtis* (1894), 66 Vt. 331, 29 Atl. 380.

As heretofore stated, the Supreme Court of Ohio, in the Biermacher Case misconstrued or misunderstood the holding of the court in *Patton* v. *Texas & Pacific R. Co.* (1900), 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 367, and *New Orleans, etc., R. Co.* v. *Harris, Admx.* (1918), 247 U. S. 367, 38 Sup. Ct. 535, 62 L. Ed. 1167. Those cases, when rightly understood, simply hold that it was the intention of Congress to make negligence the basis of the employee's right to damages and that the burden of proving negligence rests at all times on the employee. The Ohio court apparently failed to distinguish between burden of proof and the burden of going on with the evidence to explain the cause of the accident.

In no case is negligence to be presumed as a matter of law from the happening of an accident. But the

happening of an accident, plus the attending circumstances, may be sufficient from which negligence may be inferred as a fact. When this happens, the maxim *"res ipsa loquitur"* requires that the defendant explain the cause of the accident if he desires to escape from the inference of negligence.

It is not necessary that we set the evidence out in detail. It is sufficient to state that at the time of the wreck in question Thomas J. Hill was in the employ of appellant as a fireman on an interstate freight train, known as No. 90, and running from Washington, Indiana, to Cincinnati, Ohio. This train was drawn by two locomotives, Hill being employed on the front or lead engine. While running on a straight track at a speed of thirty-five to forty miles an hour, and just after the engine had crossed over a switch and frog in appellant's track at Medora, Indiana, said front locomotive, for some reason not disclosed by the evidence, left the track, and turned over. The second engine and seventeen freight cars were also derailed and wrecked. The engineer, the fireman and a brakeman on the front engine were instantly killed. The wreck took place about 2 a. m. on a very dark rainy night. One witness, who was a member of the crew on a freight train on the passing track waiting for No. 90 to pass, testified that he was watching for No. 90; that as it approached from the west, he saw the headlight after the engine had rounded a curve some distance to the west; that he saw the "headlight go down, then roll over." The only light observable on the train was the headlight on the engine, so that everything was in darkness immediately after the accident. One or two witnesses testified that, immediately after the accident, they examined the switch and frog by the light of their lanterns. One witness said the switch and frog were covered with wreckage and that it was impossible to get to them or to see them

at that time.   During the examination of one of appellee's witnesses, it was shown that appellant, after the wreck, made an investigation as to the cause of the wreck, but, on appellant's objection, this evidence was stricken out, and no explanation of the accident was furnished by appellant.

It seems to have been appellant's theory on the trial, as it is in this court, that it was under no obligation to explain the cause of the accident, and to capitalize the fact that the representative of its dead employee could not.   We have no doubt, if the truth were known, that appellant did make an investigation and could, if necessary, give the exact cause of this wreck.   We are justified in assuming, and the jury was justified in finding, that there were defects of some kind in the locomotive or in the track and appliances, as the evidence is that the wreck would not have occurred if something connected with the locomotive and track had not been defective.   And we hold that the maxim heretofore referred to is applicable in this case, and that the burden was on appellant to go on with the evidence and explain the cause of the accident if it desired to escape the inference of negligence arising from the circumstances disclosed by the evidence.

Appellant contends that the damages assessed are excessive.   But we do not think so.   The evidence shows that the deceased fireman was thirty-six years old, was steady in his habits, was earning from $200 to $250 a month, and in line for promotion. See *Jackson, Rec.,* v. *Atwood, Admx.* (1923), 194 Ind. 56, 140 N. E. 549, where a judgment for $25,000 for the death of a fireman was held not excessive.

Instructions Nos. 1 and 2 given at the request of appellee are not subject to the objections urged.   There was no error in giving either of them.

Appellant says the court did not in any instruction

define negligence, contributory negligence and proximate cause. Appellant, prior to the verdict, apparently was satisfied with the instructions given by the court on the question of negligence and contributory negligence. All instructions requested by it were given. If it had desired any particular instruction given on these subjects, it should have prepared and tendered them to the court with a request that they be given. This it did not do. The court did give general instructions. No reversible error is shown in this matter.

Appellant complains of the admission of certain evidence and of the overruling of its motion asking that the jury be required to make further answer to certain interrogatories. We have examined these complaints, and find no error in that regard.

Judgment affirmed.